10366

HALL v. GARVIN *ET AL.*

(102 S. E. 1.)

1. PRINCIPAL AND AGENT—LIABILITY OF DOER OF WRONG AND ONE CONCURRING THEREIN.—If one defendant committed a wrong on plaintiff by removing his property, it is immaterial to his liability whether he did so as agent for another, and, if such other concurred in the wrong, both are responsible, be they principals or principal and agent.

2. VENUE—CHANGE IN ACTION TO RECOVER CHATTEL TO COUNTY OF FORECLOSING MORTGAGEE'S RESIDENCE FROM THAT OF RESIDENCE OF PURCHASER PROPERLY DENIED.—In an action for recovery of a skidder brought against two defendants of different counties, one the mortgagee of the skidder, the other the purchaser at foreclosure sale, in view of the allegations of the complaint, not shown to be untrue, that the mortgagee concurred in the sale and removal of the skidder by the purchaser in the county of such purchaser's residence, motion for change of venue to the county of the mortgagee's residence was properly denied.

Before McIver, J., Aiken, Spring term, 1919.    Affirmed.

Action by Perry Hall against R. G. Garvin and G. W. Greene, Jr.    From an order denying motion for change of venue, or, in the alternative, to strike the moving defendant's name off the record, defendants appeal.

*Messrs. Brown & Bush,* for G. W. Greene, appellant, submit: *That the Court erred in refusing motion to transfer case to Barnwell county for trial:* (S. C.) 96 S. E. 496; (S. C.) 94 S. E., p. 108.

*Mr. J. B. Salley,* for respondent, submits: *The two exceptions do not point out the particulars, wherein the presiding Judge erred, and are, therefore, too general to be considered by the Court:* Rule 5, sec. 6, of the Supreme Court.    *The presiding Judge, however, committed no error in refusing the motion:* Code of Procedure 1912, sections 172, 173, 174; 87 S. C. 101; 97 S. C. 444; 101 S. C. 145, 149; 73 S. C. 181; 53 S. E. 170.

January 27, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action against Garvin, of Aiken, and Greene, of Barnwell, for the recovery of a skidder situate in Aiken.    The venue was laid in Aiken.

The defendant, Greene, moved on two affidavits: (1) To change the venue to Barnwell; and (2) failing in that, to strike Greene's name off the record.    The motion was refused, and the appeal makes the same questions here; and we consider them inversely.

If the allegations of the complaint are true, then Greene has committed a wrong on the plaintiff, and his name ought, therefore, not to be stricken out.    The complaint charges that, while Garvin took the skidder out of the plaintiff's possession in Hampton, yet Greene knew of the act and concurred in it, and that Greene held the

mortgage which operated to move the skidder, and effected the sale of it under the mortgage.

It is immaterial that the complaint also charges *in totidem verbis* that Garvin was agent of Greene; that is mere technology. If Garvin committed a wrong, it is wholly immaterial so far as he is concerned whether he did so as agent for another; he must answer for his act. And, if the other concurred in the wrong, both are responsible, be they principals or principal and agent.

Greene rests his right to be stricken off the complaint on *Adams v. Fripp,* 108 S. C. 236, 94 S. E. 109. He contends that it manifestly appears from the affidavits that Garvin had no interest in the transaction save as he was acting for Morris, the sheriff of Barnwell. But so much is not correct. Garvin's own affidavit recites that he "was desirous of purchasing a skidder outfit." The inference is allowable that he went with Morris, the sheriff, to get hold of the skidder; and the inference is strengthened in the light of the allegation of the complaint (not yet denied) that Garvin did purchase the skidder at a sale under Greene's mortgage.

The change of venue is sought upon the ground that the allegations of the complaint which charge that Greene and Garvin concurred in their alleged wrongful conduct are shown to be manifestly untrue by the affidavits of the movants. And reliance is put upon the recent case of *Simmons v. Wall and Lowman,* reported in 96 S. E. 493. In that case the uncontradicted proof of the movants was that Lowman was not even present at the accident complained of; and the complaint had not charged that he concurred in the alleged wrongful conduct of Wall. Not so in the instant case.

The law must be applied to the facts in every case; and a slight change of the facts casts a very different horoscope of the law.

Both exceptions are overruled, and the order of the Circuit Court is affirmed.