13634

PENLEY v. FOUCHE *ET AL.*

(169 S. E., 288)

August, 1932.

478

*Messrs. Dunlap & Dunlap,* for appellants,

*Messrs. Horace Taylor* and *McDonald, Macaulay & Mc-Donald,* for respondent,

May 10, 1933.

The opinion of the Court was delivered by Mr. Justice Stabler.

This action was brought against the defendants jointly to recover damages for the alleged fraudulent procuring and unlawful disposition of certain furniture in Fairfield County. The plaintiff alleged that the defendant Parks is a resident of Fairfield County but made no allegation as to the residence of Cooper and Fouche, the other defendants. The latter filed a petition objecting to the jurisdiction of the Court and seeking to have the action dismissed or the venue changed to York County, on the ground that Cooper is a resident of Greenwood County and Fouche of York County and that the complaint contains no allegation showing Parks to be a necessary or proper party. Parks demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action as to him. From an order of Judge Sease overruling the demurrer and dismissing the petition, the defendants appeal.

The sole question raised by the exceptions is whether a good cause of action is stated against the defendant Parks.

The complaint alleges, *inter alia,* that between 1928 and 1931, the plaintiff stored certain furniture with the Cooper Furniture Company, composed of L. W. Fouche and C. I. Cooper, at Winnsboro, S. C.; that in 1932, having heard that his furniture had been secretly and unlawfully sold and disposed of contrary to the storage agreement, he went to the company's place of business and requested that it be restored to him; that the agents and employees of the company then in charge of, the Winnsboro store, including the defendant Parks, by various excuses and subterfuges and dilatory tactics, sought to mislead him into thinking that his furniture was safely stored in the warehouse, but declined to deliver it to him upon his request; that thereafter, upon his repeated demands, he was finally told by the agents and salesmen of the company, including the defendant Parks, that they did not have any of his furniture, and could find no trace of it on their books or in their warehouse; and that the misleading, swindling, and fraudulent acts of the defendant company, its agents, and employees caused him much privation and financial loss, etc. It was further alleged:

"That the defendant, Marvin Parks, salesman and employee of the defendant, Cooper Furniture Company, as aforesaid, at the times hereinbefore mentioned and while so employed, participated in the negligent, willful, wanton, reckless, fraudulent and deceitful acts of said Cooper Furniture Company, their agents and servants heretofore mentioned in this complaint, his said wrongful acts, delicts and negligence concurring with theirs to cause the plaintiff the injury and damage aforesaid."

We think the trial Judge was unquestionably correct in holding that the complaint states a cause of action against the defendant Parks; and it matters not whether he was acting as a principal or as the agent of the other defendants —if he committed a wrong, he must answer for his act. *Hall v. Garvin,* 113 S. C., 182, 102 S. E., 1; *Pendleton v. Railway Company,* 133 S. C., 331, 131 S. E., 265.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.