## FRED W. HINSEY v. H. C. ALCOX, Edwin A. Engebretson, and John R. McGibbon.

(164 N. W. 296.)

**Attachment — bond — action on — place of trial — county of defendant's residence — venue — change of — absolute right.**

1. In an action on an attachment bond the proper place of trial is the county in which the defendant or some of the defendants reside at the time of the commencement of the action. Under § 7417, Compiled Laws of 1913, the right of the defendants in this case to have the trial in the county in which they or some of them reside is an absolute right.

**Change of venue — party entitled to — demand for — timely made — before time to answer expires — preserves right — order changing place — may be made after answering time has expired.**

2. Where a party to an action is, under the law, entitled to a change of venue in civil actions, a demand for such change of venue served before the expiration of the time to answer preserves his right to a change of venue; if the demand for change of place of trial is not consented or agreed to by the party upon whom such demand is served, an application to the court may be made

for an order, and an order may be made changing such place of trial in pursuance of such application after the time for answering has expired.

Opinion filed July 21, 1917. Rehearing denied August 23, 1917.

Appeal from the District Court of Burleigh County, Honorable *W. L. Nuessle,* Judge.

Affirmed.

*W. L. Smith,* for appellant.

In a local action the venue is always in the county where the property is located.

This is a local action, and could not have occurred anywhere except in the county where the real estate is located. Comp. Laws 1913, § 7415, subdiv. 1, § 7418; Dhooghe v. Chicago, R. I. & P. R. Co. 91. Neb. 613, 136 N. W. 1075, and cases cited; Barbour v. Fidler, 31 S. D. 351, 141 N. W. 88; Small v. Gilruth, 8 S. D. 287, 66 N. W. 452.

*McEnroe & Wood (A. T. Faber,* of counsel), for respondent.

This action is based upon a written undertaking in attachment proceedings, and brought to recover damages. The action is purely transitory, and should be tried in the county of defendant's residence. 40 Cyc. 58 and 59; Comp. Laws 1913, § 7418.

Application for a change of place of trial must be made before time for answer expires. This is made by demand. If the other party does not consent, application may be made to the court for its order changing the place, and such order may be made even after the time for answer has expired. Comp. Laws 1913, § 7418; 40 Cyc. 144–2; Taylor v. Smith, 57 Hun, 587, 32 N. Y. S. R. 843, 11 N. Y. Supp. 29; Duche v. Buffalo Grape Sugar Co. 63 How. Pr. 516; Sherman v. Gregory, 42 How. Pr. 481.

Where the statute gives the right upon certain acts being done within a certain time, and the statute has been complied with, then the right is absolute and the court may make its order after the time for answer has expired. 40 Cyc. 147 and 148; Sumner County v. Wellington Twp. 39 Kan. 137, 17 Pac. 787; Willoughby v. Northeastern R. Co. 46 S. C. 317, 24 S. E. 308; Maharry v. Maharry, 5 Okla. 371, 47 Pac. 1051; Riley v. Pelletier, 134 N. C. 316, 46 S. E. 734.

Where the motion is heard and all parties participate therein without offering objection to the procedure or the jurisdiction of the court, they have waived any rights they may have had theretofore. Wood v. Herman Min. Co. 139 Cal. 713, 73 Pac. 588; Cartright v. Belmont, 58 Wis. 370, 17 N. W. 237; Willson v. Henderson, 15 How. Pr. 90; Ivanusch v. Great Northern R. Co. 26 S. D. 158, 120 N. W. 333.

GRACE, J. The question here presented involves the place of trial of a civil action, a demand for a change of venue for the trial of such action having been made and served prior to the time fixed by law for the defendant to answer the complaint of the plaintiff; to wit, thirty days had expired.

The complaint alleges a cause of action against H. C. Alcox, as principal, and Edwin A. Engebretson and John R. McGibbon, as sureties, who were principal and sureties on an attachment bond. At the time of bringing the action in which the warrant of attachment was issued and the attachment bond was given, the plaintiff was the owner of lot one (1), block 14 of the village of Moffit, in Burleigh county, North Dakota, upon which property the plaintiff had for several years engaged in general hardware, farm implement and merchandise business, the stock of which was alleged to be worth $1,400. It was alleged that the sheriff, in serving said warrant of attachment in such suit, entered upon plaintiff's property, fastened the doors and windows of the building, closing the same, and damaged the said real estate, seized and levied upon plaintiff's stock of merchandise, hardware, and farm implements. This action is brought on the attachment bond to recover for the damages to such real estate. All of the defendants reside and have their domicil in the city of Fargo, county of Cass, North Dakota. Plaintiff resides and has his family in Burleigh county, North Dakota.

Before the time of answering expired, the defendants' attorney made and served upon the attorneys for plaintiff after the complaint had been served upon them, and prior to the time for answering had expired, that is, the thirty-day period allowed by law for the defendant to answer the complaint of the plaintiff, a demand in writing for the change of the place of trial of such action from Burleigh county to Cass county, under § 7417, Compiled Laws of 1913, which is as follows: "In all other cases, subject to the power of the court to change the place of trial

as provided by statute, the action shall be tried in the county in which the defendant or some of the defendants reside at the time of the commencement of the action; provided, if such county is attached to another county for judicial purposes, the action shall be tried in the latter county; and if none of the defendants shall reside in the state, the action may be commenced in any county which the plaintiff shall designate in the summons."

In connection with this case it is also necessary to refer to § 7418, which is as follows: "If the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county and the place of trial be thereupon changed by consent of the parties, or by order of the court as provided in this section. The court may change the place of trial in the following cases:

"1. When the county designated for that purpose in the complaint is not the proper county.

"2. When there is reason to believe that an impartial trial cannot be had therein.

"3. When the convenience of witnesses and the ends of justice would be promoted by the change."

The provisions of § 7415 are invoked by the plaintiff in this action, which section reads as follows: "Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial in the cases provided by statute:

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property."

The remainder of such section has no application.

The appellant claims that the action at bar is one of recovery for injuries to real property. With this contention we cannot agree. The action is one upon an attachment bond.

The main element of damages, if any, in plaintiff's cause of action upon which damages were based, is the seizing and levying upon plaintiff's stock of merchandise, hardware, and farm implements, and the closing of plaintiff's business, and the alleged destruction of the same by

reason of the alleged wrongful attachment. This action is not to recover any personal property distrained by any process. Therefore, subdivision 4 of § 7415 does not apply. If the action were one brought by plaintiff against the defendants for damages only to plaintiff's real property by the defendants, then the action would properly be triable where the real property is situated, but such is not this action. This action is one to recover upon an attachment bond executed by the defendants and two sureties, and as such has no relation to the damages, if any, to the real property, excepting, where such damages are proved as an independent fact, then the principal on such bond and the sureties become liable for the payment of such amount. To make the question clear, let it be assumed that the plaintiff had maintained first a separate action to establish the damage, if any, to the real property; then, after judgment in this action, if any, was secured, should make demand upon the bond for the payment of such judgment, and in the event of the failure of the bondsmen to pay such judgment, an action should then be brought on the bond to recover an amount equal to the judgment so recovered. If this were done, it is clear that, in an action against the principal and sureties on the bond, they, living and having their domicil in a different county from that in which the real property is situated, would be, as a matter of right under §§ 7417 and 7418, Compiled Laws of 1913, entitled to have the place of trial at the county of their domicil, and their right to a change of the place of trial on a proper showing would be absolute. Where a party to an action is, under the law, entitled to a change of venue in civil actions, a demand for change of venue served before the expiration of the time to answer preserves his right to a change of venue, and in case the demand for the change of place of trial is not consented or agreed to by the party upon whom such demand is served, an application to the court may be made for an order to change such place of trial to the proper county, and an order may be made changing such place of trial in pursuance of such application, affidavit, or motion, or by motion in open court, at a term of the court in the county where such action was first pending, and all this after the time for answering had expired, it being made to appear that the demand for the change of place of trial was served before the expiration of the time specified by law for answering.

The motion in the case at bar for a change of venue to the proper

county where the defendants had their domicil was duly made in open court and while the attorneys for the respective parties were present. The court made an order granting a change of place of trial from Burleigh county to Cass county. In this we think the court was right and made a proper order in granting such change of venue.

The order of the District Court is therefore in all things affirmed, with costs.