## 10194

### RANKIN LUMBER CO. v. GRAVELY *ET AL.*

#### (99 S. E. 349.)

1. VENUE—CODEFENDANTS—ELECTION.—The defendant in an action is entitled to be sued in the county in which he resides; and, where there are several defendants residing in different counties, the plaintiff can elect in which county he will sue

2. VENUE—CODEFENDANTS—MATERIALITY OF RESIDENT DEFENDANT.—An immaterial defendant cannot be joined merely for the purpose of depriving real defendant of the substantial right of trial in the county of his residence.

3. VENUE—CODEFENDANTS—DEFENDANT PROPER AS PLAINTIFF.—Plaintiff cannot, by joining trustees as parties defendant, compel a defendant to try the case in a county other than his residence, when if the trustees were necessary or proper parties they should be plaintiffs and have sued in the county where the objective defendant lives or in county other than where suit was brought.

4. VENUE—RESIDENCE OF DEFENDANT — DEFENDANT WITH SUBSTANTIAL
INTEREST — NOMINAL DEFENDANTS. — Where defendant objecting to
venue has a substantial interest adverse to that of plaintiff and
against whom substantial relief is sought, trustees, who are nominal
defendants and against whom plaintiff does not seek substantial
relief, are, so far as plaintiff is concerned, immaterial defendants.

5. VENUE—CHANGE—RESIDENCE OF REAL DEFENDANT.—Where the only
real defendant before the Court, who has a real and substantial inter-
est in the action adverse to plaintiff, resides in M. county, the trial
should be had there, regardless of the residence of immaterial
defendants.

Before SEASE, J., Williamsburg, Spring term, 1918.
Reversed.

Action by the Rankin Lumber Company against R. L.
Graveley and others, and from an order of the Common
Pleas Circuit Court, refusing a motion by the defendant, the
Pee Dee Brick & Tile Company, a corporation, etc., to change
the place of trial from Williamsburg county to Marion
county, the defendants appeal.

*Messrs. A. F. Woods* and *Lee & Shuler,* for appellants,
submit: *The defendant, trustees, were not and are not neces-
sary parties to this action:* Code of Civil Procedure, sections
160, 162; 82 S. C. 294; 103 S. C. 55; 5 U. S. Law Ed. 328;
7 U. S. Law Ed. 297; 20 R. C. L. 669. *If this Court should
hold that the trustees should be joined as parties, then they
should be joined as plaintiffs:* Code of Civil Procedure, sec.
168; 78 S. C. 302; 77 S. C. 410. *The place of trial of this
action is governed by section 174 of the Code of Civil Pro-
cedure, and should be tried in the county of Marion, where
appellant has its residence, unless the respondent has con-
ferred jurisdiction on the Court of Williamsburg by making
the trustees parties as defendants:* 3d Hill Law (21 S. C.
Law) 297; 40 Cyc. 100; 22 Ency. of Pl. and Pr. 800 (note),
and cases cited; Code of Civil Procedure, sec. 174; 97 S. C.
444; 198 S. C. 326.

*Mr. P. H. Arrowsmith,* for respondent.

April 28, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Sease, refusing a motion made by the appellant, the Pee Dee Brick & Tile Company, to change the place of trial in this case from Williamsburg county to Marion county, in which last county the defendant, a corporation, has its principal place of business.

The exceptions, two in number, raise only one question, and that is, Shall the case be tried in Williamsburg county or Marion county?

The facts of the case show conclusively that the only parties to the suit who reside in Williamsburg county are the three trustees of the Hemingway school district. The appellant is a citizen of Marion county and Graveley, of Florence county. The trustees and Graveley made default. No judgment or relief of any kind is asked against the trustees. The complaint alleges that they are made parties defendant in this action, because of the fact that the bond in question was made payable to them. The trustees have no interest adverse to that of the plaintiffs. If they had sued they would have had to bring their action either in Florence or Marion county. The defendant in an action is entitled to be sued in the county in which he resides. Where there are more than one defendant residing in different counties the plaintiff can elect in which county he will sue, as the plaintiff cannot be required to sue one defendant in one county and try that case and be compelled to sue another defendant in another county and attend another trial, but he can elect which county in which a defendant resides as a place of trial. In this case we doubt whether the trustees were either necessary or proper parties. They could have sued and been plaintiffs in the action, and, had they refused, could have been made parties defendant, but there is no allegation to this effect in the complaint in this case. There is nothing in the case to show that the trustees

have or claim any interest in the action adverse to that of the respondent. An immaterial defendant cannot be joined merely for the purpose of conferring jurisdiction and to have a trial in a different county to that wherein a defendant resides and to deprive the defendant of the substantial right of trial in the county wherein he resides.

The respondent cannot, by joining the trustees as parties defendant, compel the appellant to try the case in Williamsburg county. If the trustees are necessary or proper parties they should be parties plaintiff, and have sued in Florence or Marion county.

The appellant has a substantial and real interest adverse to that of plaintiff and against whom substantial relief is sought. The trustees are nominal defendants, and the plaintiffs do not seek any substantial relief against them. They are, as far as plaintiffs are concerned, immaterial defendants.

It, therefore, follows that the only real defendant now before the Court is the appellant, who has a real and substantial interest in the action adverse to the plaintiff, and is entitled to a trial in Marion county.

The order appealed from is reversed.