This action was brought in the county of Wells the defendant, Edward Nelson, being a resident of that county, and the Farmers and Merchants Bank of Sheyenne was, and is, a resident of Eddy county.
Before the expiration for the time for answer the defendant, Farmers and Merchants Bank of Sheyenne, demanded in writing a change of the place of trial of said action from Wells county to Eddy county. The demand was supported by the affidavit of one of the attorneys for said defendant. On the refusal of the plaintiff to consent, a motion was made by the defendant bank for such change. The motion came on for hearing before the trial judge on affidavits in behalf of the bank and counter-affidavits from plaintiff's attorney. It is alleged in the affidavits on behalf of the defendant bank that affiant verily believes that the defendant, Edward Nelson, was made a party defendant in said action solely for the purpose of laying the venue of said action in Wells county, and is not a party in good faith; that said Edward Nelson was made a party defendant in the action brought by the State Bank of Bremen against the Bremen Elevator Company, but that on the trial the action was dismissed as to Edward Nelson without objection from the elevator company; that said Edward Nelson has defaulted in this action as shown by the letter of plaintiff's attorney.
There is included in the record the summons and complaint in the case of Bank of Bremen v. Bremen Elevator Company and Edward Nelson, the case mentioned in defendant's affidavit as having been dismissed as against Edward Nelson. *Page 542 
The affidavit of plaintiff's attorney specifically refers to allegations in the complaint in the case at bar wherein a cause of action is stated as against Edward Nelson, and the affidavit further states that the action was brought in Wells county for the reason that the witnesses and the records are all in Wells county, and that it is the home of the plaintiff.
There is in the record a letter from plaintiff's attorney to the attorney from the defendant bank which states: "The time expired for Edward Nelson to answer yesterday, and as no answer has been received it looks like a default case as to him." This letter is dated December 29th, 1925, and as against this statement in the plaintiff's attorney's letter there is the affidavit of service attached to the summons and complaint, and it states that the summons and complaint were served on Edward Nelson on the 28th day of November, 1925. This affidavit of service is subscribed and sworn to before a notary public on the same day. It is apparent from the affidavit of service that the defendant Edward Nelson was not in default at the time of the appearance and demand of defendant bank.
The motion is made under § 7418, Comp. Laws 1913, which reads as follows:
"If the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county and the place of trial be thereupon changed by consent of the parties, or by order of the court as provided in this section."
The complaint states a cause of action against both defendants. Nelson was not in default at the time demand was made for change of place of trial, and since he was an actual resident of Wells county plaintiff could bring action in either Wells county or Eddy county. It also appears by the affidavit of plaintiff's attorney that the action was brought in Wells county for the reason that it was more convenient to try the case in said county; that the plaintiff resides therein, and all the records concerning the title to said crops and the files and records of the suit in which it was established are kept in said county; that the defendant's title was not good. *Page 543 
The order of the trial court denying the motion for a change of venue is affirmed.
CHRISTIANSON, Ch. J., and JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.