HY J. BURG, Appellant, v. FARMERS MUTUAL FIRE & LIGHTNING INSURANCE COMPANY OF TRAILL COUNTY, NORTH DAKOTA, et al. FARMERS MUTUAL FIRE AND LIGHTNING INSURANCE COMPANY OF TRAILL COUNTY, NORTH DAKOTA, A Corporation, Respondent.

(230 N. W. 214.)

Opinion filed March 31, 1930.

*Soule & Pierce,* for appellant.

*Charles H. Shafer (I. A. Acker,* on oral argument), for respondent.

BURR, J. This is an appeal from an order granting a change of venue. The plaintiff seeks to recover upon a fire insurance policy issued by the defendant insurance company, insuring property situated in Traill county. One defendant is designated in the complaint as "The Farmers' Mutual Fire and Lightning Insurance Company of Traill county, North Dakota," and the other as "Peoples State Bank of Hillsboro, North Dakota," thus showing both to be residents of Traill county.

The action was commenced in Cass county. The complaint alleges: the defendant insurance company issued a policy on farm buildings in Traill county; the bank had a mortgage upon the insured premises and as additional security had an assignment of the insurance policy mentioned in the complaint; there was a loss and nonpayment except as paid to the bank; after the fire loss the insurance company paid to the bank "in payment and satisfaction of the plaintiff's mortgage indebtedness the sum of $500.00," the full amount of the mortgage—being a partial payment of the amount of the policy, and "the purpose of the giving of the assignment . . . has been wholly satisfied and

discharged and that said mortgage indebtedness has been paid and that said defendant bank has no further interest in said policy. . . ." Nowhere does the plaintiff allege that the bank makes any claim whatever to any of the remaining proceeds.

The summons and complaint were served upon the insurance company on September 3, and on September 11, the insurance company served upon the plaintiff a demand for a change of the place of trial from Cass county to Traill county "upon the ground and for the reason that such action is not brought in the proper county, and in support thereof refers to the affidavit of Hans Krogh, secretary of the defendant herein making this demand, which said affidavit is marked Exhibit 'A,' hereto attached, and ·by reference made a part hereof." The affidavit of Hans Krogh states:

"That the principal place of business of said Company is within the County of Traill, State of North Dakota, that most of the business transacted is and has been transacted, since the organization of said. company, within the confines of said Traill County; that the principal place of business of said Company has always been since the organization of said Company in Traill County, North Dakota, that the subject matter of the action, entitled and described, in the DEMAND FOR CHANGE OF VENUE, hereto attached, is located and situated within the County of Traill."

The summons and complaint were served upon the bank on September 18, and the bank answered, admitting it had a mortgage, that after the loss the full amount of its claim was paid by the insurance company, and that it claims no further interest in the policy. The contest over the change of place of trial is between the plaintiff and the defendant fire insurance company, the bank not joining in the demand.

Plaintiff refused to stipulate a change of place of trial and the insurance company moved the court for an order granting the change. This motion is based upon said affidavit of Hans Krogh. The plaintiff in resisting the demand for a change filed the affidavit of T. D. Pierce stating, among other things: "That said defendant bank does now and at all times mentioned in said complaint and for many years last past, has done and transacted business within Cass County, North Dakota, as well as within Traill County, North Dakota."

The court granted the change of venue and the plaintiff appeals.

Section 7415 of the Supplement says: "Actions for the following causes *must be tried* in the county in which the subject of the action or some part thereof is situated."

And then divides causes into six classes or subdivisions. Subdivisions 5 and 6 are as follows:

"All actions brought on a policy of insurance to recover for the loss or damage to the property insured shall be tried in the county or judicial subdivision where such property is situated at the time of its loss or damage."

"All actions against any domestic corporation shall be tried in any county or judicial subdivision designated in the complaint and in which the defendant corporation transacts business."

This does not mean that if the action be commenced in some other county, the district court of that county is without jurisdiction, for § 7418 of the Comp. Laws says:

"If the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county, and the place of trial be thereupon changed by consent of the parties or by order of the court as provided in this section."

Thus the plaintiff could bring his action in Cass county; but the defendant insurance company "before the time for answering" expired made his demand in writing. The term "proper county" means the county designated by statute as the place of trial—not necessarily the county chosen by the plaintiff. Ivanusch v. Great Northern R. Co. 26 S. D. 158, 128 N. W. 333.

The complaint shows on its face that the action is "brought on a policy of insurance to recover for the loss or damage to the property insured," and that such property was situated in Traill county "at the time of its loss or damage." It is clear therefore that if we are to consider subdivision 5 only the action was not brought in the proper county, so far as the action on the insurance policy is concerned.

Subdivision 6 of § 7415 of the Supplement is an amendment to the original § 7415 as found in the Compiled Laws, supplied by chapter 3 of the Session Laws of 1919.

Both defendants are domestic corporations and therefore considering

subdivision 6 only any county in which these corporations transacted business would be the proper county, and if brought there neither defendant could demand a change of venue as a matter of right. However there is nothing in the complaint indicating that either corporation transacted any business in Cass county. While the affidavit opposing the change of venue states "that such defendant bank does now and at all times mentioned in said complaint and for many years last past has done and transacted business within Cass county" this was not made until long after both defendants answered, nor do we know what this business is, or what the transaction is, nor the facts on which such statement is predicated.

However even though the plaintiff could commence the action in Cass county because the defendant bank "transacts business" in that county; yet the other defendant has a right to have the action, on the policy of insurance "tried in Traill county," not only because of subdivision 5 of § 7415; but also because of the residence of the defendant, as shown in § 7417 requiring all causes except those named in §§ 7415 and 7416 to "be tried in the county in which the defendants or some of the defendants reside at the time of the commencement of the action. . . ." In regard to this there is no difference between natural persons and artificial persons. Ivanusch v. Great Northern R. Co. 26 S. D. 158, 128 N. W. 333, supra.

The plaintiff says, in effect, while defendant may have a right under subdivision 5, the plaintiff has a right under subdivision 6, and both having equal rights the venue cannot be changed. As an abstract proposition there is merit in the contention that where rights are equal the venue should not be changed. As a general rule where the venue is correct as to one defendant the case may be retained in that county, despite the fact that some other defendant, if sued alone, would have a right to a change. See 22 Enc. Pl. & Pr. 799; Holm v. Colman, 89 Wis. 233, 61 N. W. 767; McConnon & Co. v. Sletten, 55 N. D. 388, 213 N. W. 483; 40 Cyc. 119. "But if no cause of action is stated against his resident codefendants a defendant is entitled to have the action removed for trial to the county of his own residence, and this right cannot be taken away by statements in an amended complaint, filed after a demand for a change of place of trial, setting up a cause of action against the resident defendants." 25 Cal. Jur. 881; Garrett

v. Garrett, 178 Cal. 131, 172 Pac. 587; Garrett v. Jensen, 44 Cal. App. 99, 186 Pac. 156. This rule applies to grounds for change other than residence.

Here, however, rights are not equal. Subdivision 5 applies to venue in a class of cases—it is a venue based on the cause of action, not upon the personality of the defendant. It is only in the case of an action "brought on a policy of insurance to recover for the loss or damage to the property insured" that the action is to be brought in the county where the property is situated, even though the policy be issued by a domestic corporation. Such domestic corporation, even though an insurance corporation, is subject to the requirements of subdivision 6 in other matters. Where an agent seeks to recover for commissions he may bring his action in any county in which the insurance corporation transacts business. Thus rights under subdivision 5 are superior to rights under subdivision 6 even where the same corporation is involved, for as to it, actions other than suits to recover on the policy are governed by subdivision 6.

The fact that another domestic corporation is involved—one that does not ask for a change—is of little moment in this case, owing to the pleadings and the issues raised. "The right to a change of the place of trial of an action is determined by the pleadings at the time the party claiming the right first appears and makes demand." Bremen Elevator Co. v. Farmers & M. Bank, 54 N. D. 540, 210 N. W. 25. The defendants have a right to assume the character of the action is as it purports to be in the complaint. Viets v. Silver, 19 N. D. 445, 126 N. W. 239. The action was "brought on a policy of insurance to recover for loss or damage" to property situated in Traill county "at the time of this loss and damage." This being so the defendant had a right to a change of the place of trial at the time it made its demand. The fact the plaintiff refused the demand so that the defendant was forced to go into court for an order compelling a change does not affect the defendant's right. It preserved its right by making the demand. See Hinsey v. Alcox, 38 N. D. 52, 164 N. W. 296.

Where the complaint shows no cause of action against the bank the statement in an affidavit opposing a change of venue that the bank "transacts business" in Cass county does not affect the issue, and cannot defeat the right of the insurance company. It is immaterial where

the bank transacts business. This is especially so when both by the complaint and the answer it is shown the bank has no interest in the law suit. Plaintiff makes no claim against the bank. This is not a case where defendants reside in different counties and the action is brought in the county where one resides, so the rule set forth in McConnon & Co. v. Sletten, 55 N. D. 388, 213 N. W. 483, supra, cited by plaintiff does not apply. It is true the good faith of the plaintiff in making the bank a defendant, and the sufficiency of the complaint cannot be denied in an affidavit for change of venue, "unless at first blush it can be clearly seen and said that the allegations of fact concerning the" bank "are in no wise related to the facts alleged and relied upon as a cause of action against the" insurance company. McClung v. Watt, 190 Cal. 155, 211 Pac. 17. There is nothing in the complaint to indicate a reason for joining the bank as a codefendant. The complaint could allege part payment on the amount due on the policy without making the bank a defendant, and nowhere does the plaintiff allege the bank makes any claim to the remainder of the proceeds, and if we were to consider the answer of the bank we would find the bank makes no claim. Rankin Lumber Co. v. Graveley, 112 S. C. 128, 99 S. E. 349, is a case where an action was brought in W. county against three defendants, including the trustees of a school district who resided in W. county. Defendant G. resided in F. county and the third defendant—the only defendant answering—lived in M. county. The answering defendant moved for a change of venue to M. county which was denied by the lower court. Upon the appeal the court said:

"We doubt whether the trustees were either necessary or proper parties. . . . There is nothing in the case to show that the trustees have or claim any interest in the action adverse to that of the respondents. An immaterial defendant cannot be joined merely for the purpose of conferring jurisdiction, and to have a trial in a different county to that wherein a defendant resides. . . ."

In the syllabus the court says: "Where the only real defendant before the court, who has a real and substantial interest in the action adverse to the plaintiff, resides in M. county, the trial should be had there, regardless of the residence of immaterial defendants."

The court therefore reversed the lower court and ordered the change of venue. The facts and principle are practically identical with the

case at bar. There is nothing to show the bank has any interest in this case adverse to the plaintiff and it is therefore an immaterial defendant. The joining of the bank as a defendant, with no cause of action stated against the bank, does not give the plaintiff a right to say that because in his affidavit opposing a change he alleges the bank "transacts business" in Cass county he therefore has shown reason, under subdivision 6 of § 7415 of the supplement, for retaining the case in Cass county.

Plaintiff says that under § 7404 of the Comp. Laws providing that: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the questions involved therein;" he had a right to make the bank a defendant,—that the whole controversy could not otherwise be determined. The complaint itself stating that the bank has no interest in the controversy, and nowhere alleging that the bank claims any such interest, and the bank expressly disclaiming any interest, it is clear there was no necessity for making the bank a party. The complaint fails to show a cause of action against the bank. According to his own showing the bank was not a necessary party and thus the authorities he cites such as, Lewis v. Guardian F. & L. Assur. Co. 181 N. Y. 392, 106 Am. St. Rep. 557, 74 N. E. 224; First Nat. Bank v. National Liberty Ins. Co. 156 Minn. 1, 38 A.L.R. 380, 194 N. W. 6, have no bearing here.

In Kansas City, P. & G. R. Co. v. Bermea Land & Lumber Co. (Tex. Civ. App.) 54 S. W. 324, it is said: "The statute permitting suit to be brought in the county of the residence of either one of two defendants applies only when there is a cause of action against both; and hence, where the petition fails to show a cause of action against a resident defendant, it was error for the court to refuse to dismiss the petition as to the nonresident defendant jointly sued."

There is no difference between the principle set forth in this case and the one involved in the case at bar.

Under the provisions of § 7417 of the Comp. Laws, the plaintiff, where the defendants reside in different counties, could bring his action in either county and it would not be changed. In the case at bar plaintiff claims he has the right under subdivision 6 of § 7415 of the Supplement to bring the action in Cass county as opposed to the right the

insurance company has under subdivision 5 of the same section; but when he has no cause of action entitling him to bring it under subdivision 6 then the provisions of subdivision 5 become exclusive.

In Farmers Security Bank v. Springen, 48 N. D. 364, 184 N. W. 664, we have a case where both the defendants were residents of Grand Forks county and the action was commenced in Walsh county. On the face of the complaint the action, so far as the trust company was concerned, was triable in Walsh county because the company transacted business there. Both defendants demanded a change of venue. The plaintiff had a right against one defendant, because it transacted business in Walsh county. The issue as to Springen was different from the issue as to the trust company and the court held that S. could insist upon his right to have the case tried in the proper county as to him, even though subdivision 6 of § 7415 of the Supplement provided for the trial of the action as against the trust company in Walsh county because it transacted business there. The court said that chapter 3 of the Laws of 1919 has no repealing clause of any kind and therefore does not affect the right of a party to have the case against him tried in the proper county as to him. The proper county as to Springen was the county of his residence as set forth in § 7417 of the Code. The reasoning there applies to this case. The issue with the insurance company is entirely different from the issue with the bank—in fact, there is no issue with the bank. The proper county as to the insurance company is Traill county, because it is there the property was situated at the time of this loss and damage and the county of defendant's residence. Thus the fact that the other defendant is neutral does not deprive the insurance company of its statutory right. Where each side may designate the venue and a conflict arises, the right of the defendant is superior, if claimed in time. Where the complaint shows there is no contest with the bank, it is the same as if there were no other defendant.

The order granting the change of venue is affirmed.

Burke, Ch. J., and Nuessle, Birdzell, and Christianson, JJ., concur.