13491

ANDERSON v. BAUGHMAN *ET AL.*

(166 S. E., 83)

*Messrs. Timmerman & Graham,* for appellants,

*Messrs. J. S. Verner* and *W. W. Hawes,* for respondent.

October 12, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The respondent, as plaintiff, brought this action, in the Court of Common Pleas of Richland County, to recover damages for personal injuries, alleged to have been sustained by him when he was struck by a Chevrolet automobile owned, and at the time being operated, by the defendant, Baughman. It was also alleged in the complaint that, at the time the respondent was injured, he was servicing an automobile in the charge of the defendant, Padgett; that Padgett "had left the lights burning on his said automobile, thereby contributing to the accident by which plaintiff was injured as above set forth." The automobile involved was also made a party defendant, but it appears it was not attached.

In the complaint, it was expressly alleged that the defendant Baughman was a resident of the county of Aiken, and that the defendant Padgett was a resident of the County of Richland.

Judgment against all the defendants was demanded.

The defendants Baughman and the Chevrolet automobile gave notice to the attorneys of the plaintiff that they would

move, in the Court of Common Pleas for Richland County, for an order transferring the case from Richland County to Aiken County for trial, "upon the ground that the said defendants reside in Aiken County and are non-residents of Richland County and that the county designated in the complaint is not the proper county wherein to try said cause." In the notice, it was stated that the motion would be "based upon the pleadings and record in this cause."

The motion to change the place of trial was refused by his Honor, Circuit Judge Sease, and, from his order thereon, Baughman and the Chevrolet automobile have appealed to this Court.

The Circuit Judge held that the complaint sufficiently alleged a cause of action against the defendant Padgett, who was admitted to be a resident of Richland County, that Padgett had the right to a trial in the county of his residence, and that the plaintiff, since he was suing defendants who lived in different counties, had the right to sue in any county where either of the defendants resided.

The appealing defendants question the correctness of the holdings of the Circuit Judge, and in one of their exceptions.charge, also, "that the defendant Padgett was joined as a matter of form for the sole purpose of preventing a removal of the cause to the proper county for trial and is an attempted fraud on the jurisdiction of the Court and the right of the defendants to have the case tried in the County of their domicile."

The appellants, to sustain their position, place their reliance upon the case of *Rankin Lumber Company v. Gravely et al.*, 112 S. C., 128, 99 S. E., 349. The point there decided, having bearing here, was that "an immaterial defendant cannot be joined merely for the purpose of depriving real defendant of the substantial right of trial in the county of his residence." Syllabus.

While agreeing fully with the law as declared in the *Rankin case*, we cannot sustain the appeal for the reasons we state.

The appellants did not move for a change of the place of trial on the ground that the joining of Padgett as a defendant was fraudulent, for the purpose of giving the Richland Court jurisdiction, nor did they move for such change on the ground that Padgett was an immaterial defendant. The exception raising those questions is, therefore, not properly before this Court. The proper way in which those questions should have been raised was to present the matter to the Circuit Judge by evidence, as was done in *Adams et al. v. Fripp et al.*, 108 S. C., 234, 94 S. E., 109, where this Court held that a change of venue should have been granted on the showing there made.

The motion of the appellants for a change of the place of trial was solely upon the ground that they resided in Aiken, and it was based "upon the pleadings and record." The complaint made Padgett a party defendant, and declared his residence to be in Richland County. The complaint as to Padgett may have been defective and subject to demurrer, or motion to make more definite and certain, but Padgett—not the other defendants —could proceed to take advantage of the deficiencies in the pleading. The plaintiff, too, may have been entitled to the right, on proper application, to have amended his complaint as to Padgett. Padgett was charged with a delict, and it was alleged that such delict "contributed" to the plaintiff's injuries. The complaint had to be construed liberally in favor of the plaintiff.

The order appealed from is affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.