[File No. 6210.]

L. R. BAIRD, as Receiver of the First State Bank of Stanton, of Stanton, North Dakota, Respondent, v. AGRICULTURAL CREDIT CORPORATION, Fargo, North Dakota, a Corporation, and the Guaranty Corporation, a Corporation, Fargo, North Dakota, Appellants.

(253 N. W. 68.)

Opinion filed February 16, 1934.

*Shure & Murphy,* for appellants.

*Zuger & Tillotson* and *Floyd B. Sperry,* for respondent.

Burr, Ch. J. This action was commenced in Mercer county against the defendant corporations whose offices, headquarters, and places of business are in Cass county.

The defendants made demand for change of place of trial to Cass county and on this being refused moved the court for an order granting a change. This was resisted by plaintiff on the ground that while the defendants are domestic corporations, yet actions against them may "be tried in any county or judicial subdivision designated in the complaint and in which the defendant corporation transacts business."

Section 7415 Compiled Laws of 1913 made provision for the trial of cases "in the county in which the subject of the action or some part thereof is situated," and enumerated five classes of causes covered by this provision, such as recovery of real property, partition of real property, foreclosure of a mortgage on real property, recovery of personal property distrained for any cause, and an action on a policy of insurance to recover for loss or damage to the property insured.

Chapter 3 of the Session Laws of 1919 amended this section by adding a sixth subdivision providing that "all actions against any domestic corporation shall be tried in any county or judicial subdivision designated in the complaint and in which the defendant corporation transacts business."

It is not necessary for us to determine whether this amendment broadens the scope of the other five subdivisions when a domestic corporation is involved. The motion for change of venue is based on the theory that the defendants were not transacting business in Mercer county and therefore may not be sued in said county, against their will. In support of this contention they cite the case of Griffin v. Implement Dealers Mut. F. Ins. Co. 62 N. D. 21, 241 N. W. 75.

The action was commenced in April 1933 and the motion for change of venue was made on the twenty-fourth of that month. It was necessary for the plaintiff—it being conceded the defendants have their places of business, headquarters and offices in Cass county—to show that at the time of the commencement of the action defendants were transacting business in Mercer county. That defendants may have transacted business in Mercer county prior thereto is not sufficient. Such transactions may have been completed and the defendants may have withdrawn entirely from Mercer county. The transaction of business necessary to permit action in Mercer county must be present acts, the carrying on of business in Mercer county at the time of the commencement of the action and unless this be shown the defendants cannot be sued therein against their will. See Griffin v. Implement Dealers Mut. F. Ins. Co. supra.

Affidavits for and against a change of venue were presented to the trial court and the court denied the motion. From the order entered the defendants appeal.

What is meant by transacting business, or not transacting business, and how much business must be transacted in order to come within the purview of the statute are all set forth in this case cited.

The affidavits on behalf of the defendants are to the effect that the defendants have no place of business, nor resident agents, and never had any place of business nor any resident agent within Mercer county; that neither of the defendants has any officer or agent "located or stationed, or any place of business or resident agent or representative

within any county of the state of North Dakota save and except the county of Cass." The affidavit denies specifically that the defendants transact any business in any county other than the county of Cass.

One John Pulles furnished an affidavit for the plaintiff to the effect that he was "an active officer of the Mercer county Agricultural Credit Corporation;" that this corporation assigned and transferred and turned over all of its assets to the Agricultural Credit Corporation; that after the completion of this transaction the Agricultural Credit Corporation through its agents and officers renewed loans, made inspections, collected interest thereon and inspected securities in Mercer county, North Dakota, which transactions were carried on by said agents and said officers within said county.

John Pulles filed a second affidavit to the effect that the Guaranty Corporation through its officer, H. C. Aamoth transacted business in behalf of said corporation in the fall of 1932.

The plaintiff filed an affidavit of one Sailer to the effect that during the time involved in the complaint he was employed by the defendants "on renewals of loans held by the Agricultural Credit Corporation of Fargo and as his compensation for such services . . . received one-half of one per cent. of loans so renewed which were paid by the Agricultural Credit Corporation of Fargo to the said John Pulles, and by him paid to this affiant." The affidavit also contains the statement that he "was employed by the said John Pulles for the purpose of handling the work of the Agricultural Credit Corporation" in Mercer county, that he was retained by the Agricultural Credit Corporation and "at their solicitation" acted as their agent in handling the affairs of said corporation in Mercer county and also in Oliver county.

Plaintiff filed the affidavit of one Saunders to the effect that he was working for the defendant corporations during the time involved in the complaint, acting as vice president of said Agricultural Credit Corporation; that the two corporations are practically the same institution having amalgamated and that both of said corporations "sent out agents and officials from Fargo, North Dakota, who transacted business in Mercer county, North Dakota, also employed agents who made inspections, extended loans, renewed loans, collected interest . . . which agents resided and transacted said business in Mercer county,

North Dakota," and that the affiant Sailer was paid commissions "by either or both" of said corporations.

The said Saunders filed another affidavit showing that the President of the Guaranty Corporation "transacted business on behalf of said corporation in Mercer county in the fall of 1932."

The complaint sets forth some twenty-four causes of action against both corporations for the recovery of moneys alleged to have been paid upon transactions originating with the Mercer County Agricultural Corporation and transferred to the defendant corporations; that these transactions and many other of a similar nature, are still in force and pending; and that the loans have been renewed from time to time and that the business is still alive, and still carried on.

The decision of the trial court upon the affidavits furnished will not be disturbed unless there has been an abuse of judicial discretion. The affidavits of Saunders, Sailer and Pulles are very extensive. They contain many statements regarding the business that was transacted, the course of action pursued, and the situation at the time affidavits were made. True there is an explicit denial by the defendants that they transacted any business in this county at any time. If the defendants were not transacting business in Mercer county the right to a change of venue is absolute, and not subject to the court's discretion, as the demand was made within the time set by statute. State v. Bloom, 49 N. D. 224, 190 N. W. 812. However, there being a conflicting showing by affidavit as to whether the defendants are in fact transacting business in Mercer county it is necessary for the trial judge to determine what weight and credence he will give to the affidavits, and determine whether the plaintiff has shown the defendants are transacting business in Mercer county. To do this requires the exercise of judgment and judicial discretion. It is the province of the trial court to determine the issues raised by the conflict of affidavits and such determination will not be set aside unless there has been an abuse of judicial discretion. "As the question is largely one of fact, and therefore one peculiarly within the province of the trial court, the appellate courts are reluctant to interfere unless it is apparent the trial judge abused his discretion. Where no abuse of discretion appears from the record, his action will not be disturbed." 27 R. C. L. 827. Of course this applies merely to the duty of passing upon the affidavits for or

against the proposition that the defendant was transacting business in Mercer county.

The affidavits furnished by the plaintiff are ample to sustain his contention that the defendants were transacting business in Mercer county at the time the action was commenced. The decision of the trial court being sustained by the record, the order appealed from is affirmed.

BURKE, NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.