CITY OF GRANVILLE, a municipal corporation, Plaintiff and Respondent,

v.

KOVASH, INCORPORATED, and Hartford Accident and Indemnity Company, a corporation, Defendants, and Appellant Kovash, Incorporated.

No. 7814.

Supreme Court of North Dakota.

April 6, 1959.

Rehearing Denied May 7, 1959.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, and Palda, Palda, Peterson & Anderson, Minot, for defendants, and appellant, Kovash, Incorporated.

Victor V. Stiehm, Towner, and Duffy & Haugland, Devils Lake, for plaintiff and respondent.

A. J. GRONNA, District Judge.

This is an appeal from an order of the District Court of McHenry county denying defendant's motion for a change of venue to Stark county. The action is for damages resulting from an alleged breach of contract, a transitory action.

The principal defendant Kovash, Incorporated is a domestic corporation with its principal place of business and registered office at Dickinson in Stark county, and

since that is its situs or place of business, Stark county is its location or residence where its principal business is transacted. Burg v. Farmers' Mut. Fire & Lightning Ins. Co., 1930, 59 N.D. 407, 412, 230 N.W. 214, 216; 13 Am.Jur., Corporations, sec. 1158; 19 C.J.S. Corporations § 1296.

On April 5, 1957, plaintiff, city of Granville, a municipal corporation, situated in McHenry county, entered into a written contract with said defendant, the contractor, wherein it contracted to furnish all materials, equipment and labor for the construction and completion of Consolidated Sewer and Lagoon, and Water Works and Water Main Project in District Number One of said city. On the same date, said defendant as principal together with defendant Hartford Accident and Indemnity Company, a foreign corporation, as surety, executed and delivered to plaintiff, city of Granville, a contractor's bond with a limit of $112,108.30, conditioned that defendant Kovash, Incorporated, would fully perform all the terms, conditions and provisions of the aforesaid contract.

■ The joinder of the surety on the contractor's bond as a defendant with the contractor, the principal on the bond, does not in itself affect the statutory right of the principal defendant to a change of venue. Huber v. Wanner, 1932, 62 N.D. 303, 311, 243 N.W. 661, 664. So, no further mention need be made of said surety even though it has joined in and consented to the motion made by the principal, Kovash, Incorporated.

■ In the absence of any constitutional or statutory provision authorizing an action against it to be tried in a different county, a defendant domestic corporation is entitled to a change of venue to the county which was its residence at the time of the commencement of the action, if it takes the proper steps to procure it. Burg v. Farmers' Mut. Fire & Lightning Ins. Co., supra; Griffin v. Implement Dealers' Mut. Fire Ins. Co., 1932, 62 N.D. 21, 241 N.W. 75; Section 28–0405, NDRC 1943.

Section 28–0404, NDRC 1943, is a statute which authorizes an action against a domestic corporation to be tried in a county other than the county of its residence, if the corporation is transacting business in such other county at the time the action was commenced. Baird v. Agricultural Credit Corp., 1934, 64 N.D. 426, 253 N.W. 68.

> "28–0404. Venue of Actions Against Domestic Corporations. An action against a domestic corporation shall be tried in the county designated in plaintiff's complaint if such corporation transacts business in that county."

There is only one issue in this case, namely, whether the defendant contractor, a domestic corporation, was transacting business in McHenry county on October 10, 1958, the date of the commencement of this action? Defendant's motion for change of venue is based on the theory that it was not transacting business in McHenry county at the time of the commencement of this action, and therefore it may not be sued in said county against its will. On November 1, 1957, defendant ceased its work under the contract, and the plaintiff paid defendant in full, and defendant contends that it was thereafter no longer transacting business in McHenry. However, defendant concedes and admits that it was transacting business in McHenry county under the contract from the day the contract was made, executed and delivered, on April 5, 1957, until the time of the completion of work under the contract on November 1, 1957, and that venue in McHenry county would have been proper during that period, although improper and unauthorized thereafter.

The motion for change of venue is based upon all the records and files in this action, which includes plaintiff's Complaint. Also, affidavits for or against a change of venue were presented to the District Judge, who denied the motion after writing a memorandum opinion setting forth the issues, facts and the law.

There is no dispute as to the facts insofar as they relate to this appeal, and so the issue rests solely upon the legal effect of such facts.

■ For the purpose of this motion, the allegations in plaintiff's Complaint are deemed to set forth accurately the nature or character of plaintiff's cause of action. Burg v. Farmers' Mut. Fire & Lightning Ins. Co., supra; Bremen Elevator Co. v. Farmers' & Merchants' Bank, 1926, 54 N.D. 540, 210 N.W. 25.

That being so, the Complaint alleges the following facts which we assume to be true, together with certain undisputed facts stated in the affidavits. Altho defendant was under a contractual obligation to lay the water mains at a depth of not less than 7½ feet, they were laid only 5.7 to 7 feet below the surface of the ground, with the result that the water mains froze during the winter, requiring re-laying at the specified depth of 7½ feet at a cost of $37,263.-95. Altho its agents conferred with the city officials about the claimed defective work after work ceased and again on May 17, 1958, defendant has never remedied the defects. The contract upon which this action is based provides:

"All work which has been rejected shall be remedied or removed and replaced in an acceptable manner by the contractor at his own expense."

And further provides:

"The contractor shall guarantee the workmanship and materials and keep the system in repair for a period of one year."

Under this state of facts, was defendant corporation "transacting business" in McHenry county within the meaning of the phrase "if such corporation transacts business in that county" as used in the venue statute, Section 28-0404, NDRC 1943, not only up to the time it ceased construction work, but at the time of the commencement of this action?

The sewer and water project at Granville, in McHenry county, was a sizable one requiring several months to complete. It required many business transactions that must necessarily be executed and performed in McHenry county. The transactions included not only the *making* of the sewer and water contract but, what is most important, the *performance* of such contract by both of the parties thereto, which performance must necessarily take place at the site of the project. These transactions would not end with the *making* of the construction contract, but only after the contract had been fully or substantially *performed* by the parties.

Altho defendant ceased construction work on November 1, 1957, part of the work was defective in that the water mains were not laid at the depth specified in the contract, and as a result those water mains freeze during winter months. This constitutes a breach of performance of the sewer and water contract, which obligated the contractor, at his own expense, to remedy or remove and replace all work which had been rejected, and which contract further obligated the contractor to keep the system in repair, under its guarantee of the workmanship and materials, during the stated period of one year, which, under the alleged facts, would be computed from the time the contractor ceased work and was paid on or about November 1, 1957. This action was commenced prior to the expiration of such period of time.

■ The decision of the trial court that defendant corporation was transacting business in McHenry county at the time the action was commenced, on October 10, 1958, being sustained by the record, the order appealed from is affirmed.

SATHRE, C. J., and BURKE and MORRIS, JJ., concur.

TEIGEN, J., being disqualified did not participate, A. J. GRONNA, District Judge, sitting in his stead.