## 9789

### ADAMS *ET AL.* v. FRIPP *ET AL.*

(94 S. E. 109.)

1. APPEAL AND ERROR — REVIEW — DISCRETION — CHANGE OF VENUE.—
Where an action against F. and others for fraud in the sale of a
pecan grove was brought in the county of F.'s residence, and the
other defendants moved for a change of venue to promote the con-
venience of witnesses and the ends of justice, and on the further
ground that they (the moving defendants) were the real defendants
and introduced proof to show that F. had no connection with the sale
except as he acted for plaintiffs and as one of them, and contended
that he had been made a defendant in order that the venue might
be laid in the county of his residence, the order denying the change
of venue was not within the rule that the Circuit Court is the exclusive
judge of whether a change of venue will promote the convenience of
witnesses and the ends of justice unless error in the ruling is manifest,
as the testimony for the moving defendants, if true, showed that the
county designated was not the proper county, within Code Civ. Proc.
1912, sec. 176, subd. 1, authorizing a change of venue on that ground.

2. VENUE—CHANGE OF VENUE—WEIGHT OF EVIDENCE.—Where in such
action the evidence showed that plaintiffs and F. agreed to purchase
the grove and took possession of it; and that F. managed it and, with
plaintiffs, organized the corporation to which it was conveyed, and
that he and plaintiffs had bought another grove, the affidavits of
plaintiffs that they were advised by counsel that there was strong
evidence to establish collusion between F. and the vendor, and the
affidavit of counsel that from the statements of plaintiff and the
documents in his hands, he believed there was strong evidence of
collusion, without any disclosure of the evidence relied on, was not
sufficient to show that F. was a proper defendant, so as to defeat a
change of venue.

Before DeVORE, J., Columbia, February, 1917. Re-
versed.

Action by E. C. L. Adams and others against W. C. Fripp
and others. From an order denying a change of venue, the
defendants, other than Fripp, appeal.

*James Simons* and *Mitchell & Smith* and *Benet, Shand &
McGowan,* for appellants, submit: *Order is appealable:* 6 S.
C. 313; 9 S. C. 284; 38 S. C. 399; 46 S. C. 317; 54 S. C. 368;
55 S. C. 384. *Power at chambers:* 74 S. C. 516. *Resi-*

*dence:* 73 S. C. 181. *Distinguished from* 101 S. C. 144. *Abuse of discretion:* 46 S. C. 317; 83 S. C. 476; 47 S. C. 499. *Place of trial:* 11 S. C. 122, 132.

*Messrs. Lyles & Lyles* and *Nettles & Tobias,* for respondent.

August 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal by all the named defendants save one is from an order of the Circuit Court, wherein the Court refused to change the venue from Richland to Charleston county.

The case arises out of the sale of an extensive pecan grove situate in Charleston, and owned formerly by the late Dr. John S. Horlbeck, to a company of gentlemen resident in and around Columbia, in Richland county, calling themselves the South Atlantic Pecan Company. Dr. Horlbeck is now dead, and his widow, Mrs. Elizabeth Horlbeck, and his son, Fred. H. Horlbeck, both defendants, are his duly constituted legal representatives. The defendant, Haselden, married a daughter of Dr. Horlbeck. The other defendant, Fripp, is the storm center of this motion.

The plaintiffs allege that Fripp was the agency employed by Dr. Horlbeck, through whom Dr. Horlbeck and Haselden committed a fraud on them by deceiving them into buying the grove. The case does not set out all of the contents of the complaint, but it does state that the action is for $250,000 damages to the plaintiffs arising out of the sale and the fraud connected with it.

The Horlbeck defendants allege that Fripp was a party acting with the Columbia men, and ought to be a plaintiff if a wrong has been done; and that the plaintiffs have only named Fripp as a defendant in order to lay the venue in Richland, as Fripp resides there and all the plaintiffs live there. The case does not set out what matter Fripp

answered; it only appears that he did plead. He made no affidavit on the motion.

The first suggestion of the respondents is that the order of the Circuit Court is not subject to appeal, and that because the motion was only to change the venue in order to promote "the convenience of witnesses and ends of justice," and of that the Circuit Court was the exclusive judge, unless the error of the Court is so manifest as to make the exercise of the Court's discretion an error of law.

If the respondents' premise is right, then the conclusion is right, but the premise is not right, for, while the motion was made on the ground stated, it further noticed the plaintiffs that "moreover the defendants (the Horlbecks) are the real defendants," etc. And nearly all the proof of the movants was directed to show that Fripp had no connection with the sale except as he acted for the plaintiffs and as one of them. That was the vital issue before the Court, made so by the testimony. If the testimony is manifestly true, then "the county designated for (the place of trial) * * * in the complaint is not the proper county." Subdivision 1, sec. 176, Code Civ. Proc. 1912.

We have examined the testimony with distinct care, and that makes it altogether plain that Adams, Weston and Fripp on the one part, agreed with John S. Horlbeck on the other part to buy the grove; that Adams, Weston and Fripp took possession of the property, and Fripp managed it; that Fripp and the other Columbia men organized the South Atlantic Pecan Company, and the grove was conveyed to it, and that the same persons bought another grove in Georgia.

A cause already before this Court links Fripp with the Columbia gentlemen. *Bank v. Fripp,* 101 S. C. 186, 85 S. E. 1070. The only testimony *contra* is the affidavit of Mr. Lyles that:

"From the statements of the several plaintiffs made to him and from documents which have come into his hands

to be considered, he verily believes that there is strong evidence to establish fraudulent collusion between the defendant, Fripp, and the defendant, Haselden, and the late John S. Horlbeck, now deceased, during his lifetime to induce these plaintiffs to embark in the purchase of the pecan groves and other real estate referred to in the complaint."

And the affidavit of Messrs. Aycock, the Westons, and Adams that:

"He is advised by said counsel that his testimony is material and necessary to the determination of the issues arising in said cause. They further say, each for himself, that they are advised by their counsel and verily believe that there is strong evidence which can and will be adduced to establish the fact that the defendant, Fripp, was in combination with the defendant, Haselden, and the late John S. Horlbeck, for the sale of the pecan groves and other real estate referred to in the complaint."

These gentlemen set out no fact, but only an inference. Mr. Lyles swears that, from the plaintiffs' statements to him and documents in his hands, he believes a case of collusion betwixt Fripp and the Horlbecks can be made out. The other gentlemen swear that counsel (Mr. Lyles) advises them, and they believe, there is strong evidence to establish the said collusion. So both affidavits rest upon Mr. Lyles' conclusion drawn from evidence not disclosed. Upon proof of that character, any citizen might be hailed into Court out of his own county, and thus deprived of a very substantial right.

The testimony on the two sides does not balance, as it did in *Barfield v. Coker;* had that been so, we would not disturb the discretion exercised by the Circuit Court. The testimony for the movants so preponderates that we are persuaded that the Court was manifestly wrong not to have concluded that the venue had been laid in the wrong county.

Of course, we do not conclusively find the ultimate fact that Fripp did not collude with the Horlbecks; that is the

issue to be tried in the action.   We only conclude that upon the showing made below, for the purposes of right venue, the movants have plainly proved enough to entitle them to the order they asked for.

The order of the Circuit Court is reversed, with direction to change the venue.