## 10054

### SIMMONS v. WALL *ET AL.*
### ASHLEY v. SAME.

(96 S. E. 493.)

1. VENUE—CHANGE OF VENUE.—Where an unverified complaint alleged that injury was caused by defendants fiercely driving automobiles behind plaintiff's buggy and scaring the horse, but there was no allegation of any concert of action, a motion to remove the case to another county was properly granted, where defendant, residing in such other county, made affidavit that the other defendant was made a party for the sole purpose of acquiring jurisdiction in the county, and that such other defendant was not present at the scene until after the accident.

2. VENUE—CHANGE OF VENUE—WAIVER.—By answering to the merits, a defendant did not waive any right to move to change the place of trial on the ground that another defendant was made a party solely for the purpose of acquiring jurisdiction in the county.

Before Rice, J., at chambers, Aiken, S. C., January 19, 1918. Affirmed.

Actions by Joseph Simmons and Joseph Ashley, respectively, against Marion Wall and another. From an order granting a motion to remove the actions to another county, plaintiffs appeal.

Mr. *Jas. E. Davis,* for appellant, submits: *That the only question involved is, did the Judge have the right to try this question at chambers, that is the bona fides in making Lowman a party and in bringing this action in Barnwell county:* 101 S. C. 144; 97 S. C. 444; 105 S. C. 511.

Mr. *J. B. Salley,* for respondent, submits: *That the motion was properly triable on affidavits and at chambers:* 86 S. C. 324; 87 S. C. 322; 108 S. C. 236; 86 S. C. 331 (see concurring opinion); 87 S. C. 323. *As to the resident Judge, of the Second Circuit, having jurisdiction to hear the motion, while another Judge was holding Court at Barnwell, in the same Circuit:* Code of Procedure, sec. 440, subdiv. 4; Civil Code of 1912, secs. 3833, 3834, 3835. *As to place of trial:*

Code of Procedure, sec. 174. *As to change of venue:* 74 S. C. 517; 72 S. C. 572; 38 S. C. 405; 46 S. C. 317; Civil Code, sec. 176; 76 S. C. 95. *As to the right of a defendant to be tried in his own county:* 108 S. C. 236; 108 S. C. 145; (U. S.) L. Ed. 435-6; 40 Cyc. 101.

July 22, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

These two actions were tried together and were actions for damages. The complaint alleges:

"That on the afternoon of the 18th of November, 1917, the plaintiffs were driving along the public highway riding in a buggy being drawn by a horse, the property of the plaintiff, Joseph Simmons, which was of the value of $200, and while so riding along the public road leading from the upper Saltkehatchie bridge into the town of Barnwell, and without warning, the defendants, who were traveling in automobiles, ran behind the buggy in which the plaintiffs were riding at a furious rate of speed, causing the horse of the plaintiff, Simmons, to take fright and run away, overturning the buggy and precipitating plaintiffs upon the ground with great force, seriously injuring them, and the horse, becoming entangled in the harness, ran on, and completely demolished the buggy, injuring the said horse, so much so that he has been rendered worthless. That the said injuries would not have occurred but for the reckless, careless, and negligent acts of the defendants in running their automobiles at a furious rate of speed, and in not sounding the automobile horn or whistle before reaching or coming in contact with plaintiff's buggy, and in not slowing down their machines in order that they might pass them with safety."

The defendant, Wall, lives in Aiken county, and the defendant, Lowman, lives in Barnwell county. The defendant, Wall, made a motion before Judge Rice to remove the

case as to him from Barnwell to Aiken county. This motion was supported by affidavits of the two defendants, in which it is alleged that the defendant, Lowman, was not present at the time of the accident, but that Lowman came up after the accident and after the defendant, Wall, had gone away, and that all that the defendant, Lowman, did was to take up the injured men and carry them to a place where they could receive assistance. The defendants allege that the defendant, Lowman, was joined as a defendant merely for the purpose of securing the jurisdiction of the Court in Barnwell county to try the cause. Judge Rice granted the motion, and ordered the case as to the defendants transferred to Aiken county. Lowman has not appealed.

The complaint was not verified, and the plaintiffs made no showing to controvert the showing made by the defendants, but relied solely on the allegations of the complaint, and that the defendant, Lowman, was a resident of Barnwell county.

1. It will be seen, upon the reading of the section of the complaint quoted, that there is no allegation of any concert of action on the part of the defendants, nor even that the defendants were negligent at the same time. Judge Rice found as a matter of fact, from the showing made, that Aiken was the proper county for the trial of the case against the defendant, Wall, and we think his Honor was right.

2. The respondents claim that the defendant, Wall, waived the question of jurisdiction by answering to the merits.

This was a motion to change the place of trial, and not a demurrer to the jurisdiction. This question cannot be sustained.

The judgment is affirmed.