## No. 10604

CITY OF SUMTER v. UNITED STATES FIDELITY & GUARANTY CO. *ET AL.*

### (106 S. E. 778)

1. LIMITATION OF ACTIONS—PROVISION IN BOND LIMITING ACTIONS TO LESS THAN STATUTORY PERIOD IS VOID.—Under Code Civ. Proc. 1912, § 144, prohibiting a provision in any contract barring suit on a cause of action arising out of the contract if not brought within a period less than the time prescribed by the statute of limitations, an action brought against a surety company on a bond within the period of limitations cannot be dismissed, though it was brought after the date stated in the bond as the latest date on which suit thereunder could be instituted.

2. VENUE—INDIVIDUAL DEFENDANT SUED WITH CORPORATE SURETY HELD ENTITLED TO CHANGE OF VENUE.—In a suit on a bond brought against an individual defendant and a corporate surety, the individual defendant is entitled to have the venue changed to the county of his residence.

Before RICE, J., Sumter, April term, 1920.

Affirmed as to United States Fidelity & Guaranty Co. Reversed as to Geo. W. Waring.

Action by the City of Sumter against United States Fidelity & Guaranty Co. and Geo. W. Waring on a surety bond. From order refusing to dismiss the complaint as to U. S. Fidelity & Guaranty Co. and refusing a change of venue as to the defendant, George W. Waring, the defendants appeal.

*Mr. Wingate Waring,* for appellants, cites: *Parties to a contract may insert a clause or agreement therein limiting time within which suit may be brought to a time shorter than that allowed by statute:* 25 Cyc. 873, 881; 97 S. C. 418; 153 N. .W. 742 (Minn.) 147 N. W. 651 (Minn.;) 125 Pac. 780 (Wash.;) 107. Pac. 1024; 134 App. Div. (N. Y.) 831; 206 Fed. 964. *Change of venue should be allowed upon proper showing that other defendant was made a party for the sole purpose of acquiring jurisdiction:* 108 S. C. 234; 94 S. E. 109; 110 S. C. 334, 96 S. E. 493. *If venue improperly laid it must be changed on motion:* Sec. 176 Code Proc. 110 S. C. 340; 99 S. E. 349. *In suit against a non-resident and a resident defendant, the residence of the resident defendant is the proper county in which suit should be brought:* Secs. 174, 176, Code Proc. 1912; 22 S. C. 276; 87 S. C. 322; 69 S. E. 603. *Refusal to grant a change of venue is denial of substantial right:* 11 S. C. 122.

*Messrs. Epps & Levy,* for respondent. Oral argument.

April 13, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from orders of his Honor, Judge Rice, overruling two motions, the first being made by the United States Fidelity & Guaranty Company to dismiss the complaint as to it, and the second being by Geo. W. Waring for a change of venue from Sumter county to Richland county, the suit being on a surety bond furnished by Waring to plaintiff.

Waring is principal and defendant company is surety. The plaintiff claims breach of condition of the bond, and asks damages for a specified sum.

There are five exceptions. The first and second exceptions insist that his Honor was in error in overruling the

motion of defendant company, because it appeared from the bond sued on that it was expressly agreed that after a certain time no action should be, and that the time agreed on and provided was that after February 1, 1917, no action should be, against the surety company, and that no action was commenced until Sept. 24, 1919, or more than two years after the date agreed on by the parties to the contract, after which it was specifically agreed by the plaintiff that the defendant company could not be sued thereon. The complaint alleges that the contract entered into between plaintiff and defendant, Waring, was July 12, 1911. The bond contained this clause:

"That in no event shall the surety be liable for a greater sum than the penalty of this bond, or subject to any suit, action, or other proceeding thereon that is instituted later than the 1st day of February, A. D. 1917."

The bond was dated November 27, 1911. Under the clause the surety company was released from all liability unless suit was instituted by February 1, 1917. As action was not brought within the time provided for, the contract, as to the liability of the surety company, is at an end. The parties themselves agreed on a time limit less than the statutory period, and this they had the right to do, and must be bound thereby.

The contract entered into was reasonable and founded upon a good consideration. The surety company has a right to protect itself and prescribe a reasonable limit to its liability as to time, and, if the other side accepts this, both parties are bound to adhere to the contract as made, and his Honor was in error in not granting motion of surety company.

I see no reason why parties should not contract as they did, but, even if they did not, suit was brought in six years after bond was made, and in any view of the case plaintiff cannot recover as to surety company.

It therefore follows that, as the complaint should be dismissed as to the surety company, and the sole defendant left in the cause is Geo. W. Waring, and he lives in Richland County, his motion to change the venue to Richland County from Sumter County will have to be granted.

Orders appealed from are reversed.

MR. CHIEF JUSTICE GARY, (concurring and dissenting.)

Section 144 of the Code is as follows:

"No clause, provision or argument in any contract of whatsoever nature, verbal or written, whereby it is agreed that either party shall be barred from bringing suit upon any cause of action arising out of said contract if not brought within a period less than the time prescribed by the statute of limitation, for similar causes of action, shall bar such action, but the same may be brought notwithstanding such clause, provision or agreement if brought within the time prescribed by the statute of limitations in reference to like causes of action."

This action was brought within the time prescribed by the statute of limitations, in reference to similar causes of action, to wit, six years. Therefore it was not barred.

I, however, concur in the opinion of Mr. Justice Watts that the venue should be changed to Richland County.

JUSTICES FRASER and COTHRAN concur.