14490

ROSAMOND v. LUCAS-KIDD MOTOR COMPANY, INC., *ET AL.*

(191 S. E., 516)

January, 1937.

*Messrs. Watkins & Prince* and *Price & Poag,* for appellants,

*Messrs. Hicks & Johnson,* for respondent, Mrs. Edith Southern Rosamond.

*Messrs. J. Robert Martin* and *Haynsworth & Haynsworth,* for other respondents.

June 1, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This action was begun in the Court of Common Pleas for Greenville County on October 13, 1936, and was brought

for recovery of damages for alleged personal injuries to the plaintiff-respondent, Edith Southern Rosamond. In addition to appellants, she joined as defendants, Dorothy Farrow, a resident of Greenville County, and her husband, H. L. Rosamond, also a resident of Greenville County. The appellant, Lucas-Kidd Motor Company, Inc., is a South Carolina corporation with its principal place of business at Anderson, and the appellant, Ralph Hayes, is a resident of Anderson County. Before answering, the defendants-appellants, Lucas-Kidd Motor Company, Inc., and Ralph Hayes, served notice of a motion on the respondent, Edith Southern Rosamond, and on the other respondents, defendants below, for an order changing the venue from Greenville County to Anderson County and transferring the case to Anderson County for trial. Said motion and application was based on an affidavit; the record in the case of H. L. Rosamond, plaintiff, against Lucas-Kidd Motor Company, Inc., *et al.,* and the pleadings in said case, also on the pleadings in a former case brought by Mrs. Edith Southern Rosamond against Lucas-Kidd Motor Company, Inc., Dorothy Farrow, Ralph Hayes and one 1934 Ford tudor, motor No. 1519923; the order of Judge G. Dewey Oxner, dated June 26, 1936, transferring the last-named cause of action to Anderson County for trial; and the voluntary nonsuit entered in said case. Following the service of the notice of motion to change venue, and reserving all rights thereunder, the defendants-appellants answered the complaint.

The motion to change the venue in the last-brought action was heard by Judge Bellinger, who by an order bearing date January 18, 1937, refused the motion. At this time, H. L. Rosamond had not filed an answer to the complaint, but it was stated that he would deny all delicts charged to him.

Appellants come to this Court alleging error in refusing the motion for change of venue, in that the showing made therefor was sufficient and demonstrated that the respondents, Farrow and Rosamond, were joined as defendants for

the sole purpose of depriving the appellants of the right to have the case tried in the county of their residence.

This action, in railroad parlance, is the "second section" of the suit of *H. L. Rosamond v. Lucas-Kidd Motor Co., Inc., et al.,* reported in 189 S. E., 641 (not yet reported in the South Carolina reports).

The attorneys for appellants in this present case have avoided the pits into which they fell in the above-reported case. We can therefore go directly to the merits of the motion, which necessitates a brief recital of facts additional to those contained in the preliminary statement herein.

The case of H. L. Rosamond, the husband of the respondent, Edith Southern Rosamond, against appellants, was tried upon the theory that Mr. Rosamond, while driving his automobile, accompanied by his wife, to the right of the road on which he was traveling, and at a rate of speed of from 20 to 25 miles per hour, was injured, by the appellant, Ralph Hayes, the agent of the appellant, Lucas-Kidd Motor Company, Inc., negligently, carelessly, recklessly, willfully and wantonly, while in a drunken condition, driving an automobile, the property of the last-mentioned appellant, on the wrong side of the road, at a high and dangerous speed, and into and against the automobile of said H. L. Rosamond. Mrs. Rosamond, the real respondent herein, testified in behalf of her husband, and against the appellants. At that time she testified that her husband, at the time, or just prior to the time the car in which they were riding was run into by Mr. Hayes, was driving at about 25 to 30 miles an hour, and upon seeing the car Hayes was driving approaching them at a high rate of speed, which she estimated to be 60 miles per hour, apparently out of control and on the wrong side of the road, her husband put on brakes, and when they were struck, the car in which she and her husband were riding was not traveling over 20 miles per hour.

It should here be noted that Dorothy Farrow, who was riding with Hayes, was made a co-defendant with the appellants in the suit of Mr. Rosamond, but was put on the witness stand by Mr. Rosamond, and was completely exonerated of even negligence. In fact, there was apparently no effort on the part of Mr. Rosamond to procure a judgment against her.

In the first complaint of the respondent, Mrs. Edith Southern Rosamond (Mrs. H. L. Rosamond), she joined as defendants, the appellants herein, the automobile driven by Hayes. and Dorothy Farrow, alleging that while she was using the highway and riding as a passenger in an automobile being driven by her husband *in a legal and lawful manner*, she sustained injuries due to the joint and concurrent acts of negligenc, carelessness, recklessness, willfulness and wantonness on the part of Hayes and Dorothy Farrow, setting out in detail such acts.

The appellants moved before Judge Oxner for a change of venue on the ground that the said Dorothy Farrow had been fraudulently joined as a defendant in order to give the Courts of Greenville County jurisdiction of appellants, who were and are residents of Anderson County. Judge Oxner, upon a full and complete hearing, granted appellants' motion, except as to the defendant automobile. Respondent did not appeal from the order of Judge Oxner changing the venue to Anderson County, but thereafter procured an order of voluntary nonsuit.

After procuring an order of nonsuit in her first action, the respondent, Edith Southern Rosamond, commenced the present action, in which she added as a defendant, her husband, H. L. Rosamond, a resident of Greenville County; and notwithstanding her testimony upon the trial of the case of her husband, H. L. Rosamond, against appellants, that her husband, at the time of the collision and just prior thereto was driving on the proper side of the highway, and at a rate of speed from 20 to 30 miles per hour, and notwith-

standing the allegation in her first complaint that her husband at the time of her injury was operating his automobile in a legal and lawful manner, alleges in her second complaint that her husband, who had so suddenly become a defendant, was at the time of her injury, operating the car in which she was riding with him "at an excessive and unlawful rate of speed, on the wrong side of the road, and without keeping a proper lookout for approaching traffic, with a heedless and reckless disregard for the rights of plaintiff (respondent) and others using the highway."

We do not deem it necessary to quote from the testimony of the appellant, Hayes, on the trial of the case of H. L. Rosamond, nor from the testimony of any other witness; or from the allegations of the answers served to this second complaint, because on the motion to change the place of trial from Greenville County to Anderson County, the sole question of fact before the Court is: Did respondent fraudulently join her husband, H. L. Rosamond, as a defendant in order to give the Court of Common Pleas for Greenville County jurisdiction of appellants—was H. L. Rosamond made a defendant with the fraudulent intent on the part of respondent to thus be enabled to maintain an action in Greenville County against residents of Anderson County?

The order of Judge Oxner changing venue from Greenville County to Anderson County is clearly *res judicata* as to the defendant, Dorothy Farrow. We, therefore, consider the case entirely from the standpoint of the effect of joining H. L. Rosamond as a defendant in the second complaint.

In passing upon the motion for a change of venue, Judge Bellinger took into consideration the testimony of the appellant, Ralph Hayes, in the *H. L. Rosamond case,* to the effect that Rosamond was responsible for the collision, the answer of Lucas-Kidd Motor Company, Inc., that they had no knowledge or information sufficient to form a belief as to the allegations of negligence, etc., charged to H. L. Rosa-

mond, and some conflicting testimony of Dorothy Farrow on the trial of the *H. L. Rosamond case,* which tended to show that Mr. Rosamond had been guilty of contributory negligence, and held that as the testimony was conflicting, it would be purely a question for the jury upon the trial of the case as to whether or not there was any liability on the part of the defendant, H. L. Rosamond, and therefore refused the motion.

We are very reluctant to reverse the ruling of a Circuit Judge, especially when the main issue is one of fact, but as was stated in the case of *Adams et al. v. Fripp et al.,* 108 S. C., 234, 237, 94 S. E., 109, the testimony for the movants so preponderates that we are persuaded that the Court was manifestly wrong not to have concluded that the venue had been laid in the wrong county. Of course, had the same testimony been adduced upon a trial of the case on its merits before a jury, the question of the liability of H. L. Rosamond would have necessarily been submitted to the jury. But on a motion of this nature, the Judge before whom it is made, sits both as Judge and jury.

The right of a defendant to have a case against him tried in the county in which he resides is a substantial right (*Rankin Lumber Co. v. Graveley,* 112 S. C., 128, 90 S. E., 349; *Anderson v. Braughman et al.,* 167 S. C., 164, 166 S. E., 83), and the party asserting the right to maintain an action in a different county should at least "balance" the testimony showing such right.

In the case under consideration, there is every earmark of a fraudulent joinder of the defendant, H. L. Rosamond, in order for respondent to maintain her action in Greenville County, and we have no hesitancy in concluding that it would be a fraud on the law to refuse the motion to change the venue to Anderson County.

The judgment of this Court is that the order appealed from be reversed, and it is ordered that the case be trans-

ferred to the Court of Common Pleas for Anderson County for trial.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER concurs in result.