14737

ROGERS v. MONTGOMERY

(198 S. E., 380)

*Mr. Donald Russell,* for appellant,

*Messrs. Leon W. Harris, Rufus M. Newton* and *A. H. Dagnall,* for respondent,

August 5, 1938.

*Per curiam.*

This appeal is from an order of his Honor, Judge Greene, refusing a motion of the defendant Montgomery for a change of venue. The plaintiff, a resident of Anderson County, brought her action in that county to recover damages, both actual and punitive, against Montgomery, a resident and citizen of Spartanburg County, and Duke Power Company, a foreign corporation, with offices and agents in Anderson County. At the time the action was instituted, five companion suits were entered against the same defendants in the same county; but, as the questions involved are identical, it is agreed between counsel that the decision in this case will control in all of these suits.

The plaintiff alleged, among other things, that the Duke Power Company "owns, operates, and maintains a hydro-electric generating plant for the purpose of manufacturing electricity near Tuxedo, in the State of North Carolina, the same being on waters of Green River. That for the purpose of operating and maintaining said electrical manufacturing plant there was built and constructed a large dam across Green River, which said dam is now owned and maintained by Duke Power Company, and the back waters impounded by said dam caused to be formed a long, deep, narrow lake of water, called Lake Summit"; and that this lake was and is used, with the knowledge, permission and invitation of the defendant, Duke Power Company, "as a resort for the pleasure of those who wish to go thereon for the purpose of swimming, fishing, boating, and other

recreational purposes." It was further alleged: "That on or about the 6th day of September, 1936, plaintiff, with some friends, was riding in a small boat on said Lake Summit, and while so riding in said small boat the defendant Walter S. Montgomery was driving and operating said large speedy cabin boat within a few feet of the small boat in which plaintiff was riding, and the said Walter S. Montgomery was driving his large cabin boat at a high and reckless rate of speed and without warning and without a lookout and without due regard for the safety of plaintiff, and the said Walter S. Montgomery drove said large cabin boat so close to the small boat in which plaintiff was riding that the huge waves created by said large boat caused water to pour into the small boat, capsizing and overturning same and throwing plaintiff and all other passengers of the said small boat into the waters of the deep lake, thereby causing serious injuries to the plaintiff, and plaintiff was badly frightened and almost drowned, stunned and dazed for a time, and that she suffered a profound nervous shock and intense physical and mental pain, and that she was ill for a long time, and is still a nervous wreck from said injuries."

One of the delicts with which the Duke Power Company was charged is as follows: "In allowing the large boat of Walter S. Montgomery to be operated on Lake Summit at a high and reckless rate of speed without warning plaintiff of the danger from the large waves created by and caused by the operation of said large boat, which danger was well known to the Duke Power Company and unknown to the plaintiff."

The motion of Montgomery for a change of venue from Anderson County to Spartanburg County was made upon the ground that he is a resident of the last-named county and is the only real defendant in the cause; that, therefore, he is entitled to have the action tried in the county of his residence, and that the joinder of the defendant, Duke Power Company, cannot defeat that right. The matter was heard

by Judge Greene upon the verified pleadings, together with certain affidavits filed on behalf of the defendant Montgomery. The plaintiff submitted no affidavits or other testimony; but relied solely upon the allegations of her verified complaint.

The Circuit Judge, in refusing the motion, said: "Plaintiff alleges in her complaint that at the time she was injured the lake was used with the knowledge, permission and invitation of Duke Power Company by those who wised to go thereon for boating or other recreational purposes. If that be true, then I think Duke Power Company owed plaintiff the duty of exercising ordinary care to protect her against the dangers alleged in the complaint."

The appellant contends that "a plaintiff who seeks to defeat a defendant's right to a trial in the county of the latter's residence by the joinder as a defendant of a resident of the county in which plaintiff has laid his venue, must, when the issue of venue is raised, establish, not by a scintilla of evidence, but 'by at least a balance' of the evidence, that he has a valid cause of action against the other defendant"; and that the respondent in this case has failed to do so.

The principles controlling as to a question of this kind are well settled. In the recent case of *Rosamond v. Lucas-Kidd Motor Co., Inc.,* 183 S. C., 544, 191 S. E., 516, this Court, speaking through Mr. Justice Baker, said (page 518): "The right of a defendant to have a case against him tried in the county in which he resides is a substantial right (*Rankin Lumber Co. v. Gravely,* 112 S. C., 128, 99 S. E., 349; *Anderson v. Baughman et al.,* 167 S. C., 164, 166 S. E., 83), and the party asserting the right to maintain an action in a different county should at least 'balance' the testimony showing such right." See, also, *Adams et al. v. Fripp et al.,* 108 S. C., 234, 94 S. E., 109.

In the case at bar, the plaintiff, as we have said, did not offer any evidence, by affidavit or otherwise, in rebuttal of that proffered by the appellant, but relied solely

upon the allegations of her verified complaint. It is admitted that on May 26, 1917, J. O. Bell and his wife, Lillias Durham Bell, conveyed by deed to the Blue Ridge Power Company the land covered by the waters of the lake in question. That deed, however, was executed and delivered subject to the following reservation, which is one of the four therein contained: "The parties of the first part, their heirs, shall at all times have the right to use the water flowing over the land herein conveyed for their personal pleasure and the pleasure of their families, friends, and guests, by fishing, bathing, and swimming therein and by operating pleasure boats thereon as well as boats for business purposes, for piping, for drinking and domestic purposes; but these rights and privileges shall not be construed as exclusive"; and that "these rights and privileges so reserved may also be assigned by the parties of the first part to such other parties as may purchase lots from them." Through successive deeds, the title to these lands finally became vested in the defendant, Duke Power Company, subject to the reservations as set out in the Bell deed.

According to the affidavit of Montgomery, which is not disputed, his "father bought certain property at Lake Summit, and, under the terms of the deed, deponent's father and guests were granted the right to fish, boat, or swim on said lake. * * * That never at any time has deponent asked for or obtained from his co-defendant Duke Power Company permission to use the waters of Lake Summit, but, on the other hand, deponent has used said waters as a matter of right under his said deed."

It nowhere appears, unless the allegation of the verified complaint can be so construed, that Duke Power Company had any right or power to consent to or to prevent Montgomery going upon the waters of the lake in his boat when he wished to do so, or to say what must be the size of the boat that he might use thereon. On the contrary, the conclusion is inescapable from the evidence that the company had no control over Montgomery's actions in such matters.

It seems clear, therefore, that any such allegation of the complaint, in the face of the undisputed evidence, must be regarded as a conclusion of law, not founded upon any alleged fact to sustain it. Hence, it is difficult to see just how the company may be held liable for this unfortunate tragedy. We may also add that it is conceded that the respondent cannot maintain her action against the Duke Power Company except under the laws of the State of North Carolina; and the appellant argues that the Supreme Court of that state, in the case of *Thomas v. Morris,* 190 N. C., 244, 129 S. E., 623, held to the effect that "a power company, impounding waters with a dam, ordinarily enjoys no power of control over such lake and can neither authorize nor forbid boating on the lake formed by such dam." Judge Greene, however, points out in his order that in the *Morris case* the owner of the mill dam had only an easement to back waters upon the land of another, and that the Court held in such case that the owner of the dam could not enjoin the owner of the fee in the land upon which the waters had been backed from fishing, etc., in the pond or lake thus created, while in the case at bar the power company was the owner of the fee in the land, subject only to the reservation above mentioned. We have considered this point and are convinced, under the evidence submitted, that the case cited has some controlling influence here.

Other reasons might be advanced why the change of venue should have been granted, but we think the foregoing is sufficient. The respondent has failed to sustain the burden cast upon her to "balance" the testimony showing her alleged right to prosecute the action in Anderson County. On the contrary, the evidence clearly preponderates in favor of the appellant.

The order of the Circuit Court is reversed, and the case is remanded to that Court with instructions to change the venue to Spartanburg County.

And it is so ordered.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.