15135

SHELTON v. SOUTHERN KRAFT CORPORATION (Two Cases)

(10 S. E. (2d), 341)

July, 1939.

*Messrs. M. L. Meadors* and *H. L. Smith, Jr.*, for appellant,

*Messrs. George W. Keels, G. Badger Baker* and *W. Stokes Houck,* for respondent,

July 31, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

These are two actions between the same parties and involving the same facts and issues. By consent they were heard together on Circuit, with the understanding that one opinion should determine both cases.

It appears from the statement contained in the Transcript of Record that the venue was laid in Florence County. Before answering, but specifically reserving its right to answer or otherwise plead in the actions, the defendant made a motion for change of venue in each case to the Court of Common Pleas for Georgetown County upon the ground that the defendant's place of residence is Georgetown, S. C.,

and hence the Civil Court of Florence has no jurisdiction of the defendant, nor of the alleged cause of action; hence, that Florence is not the county in which to try the said actions.

Each complaint alleges that defendant is a foreign corporation and further alleges that plaintiff is a resident of Florence County, and that defendant owns property, does business and has agents within the County of Florence.

The motions were heard together by the Judge of the Civil Court of Florence on affidavits presented by both parties. Judge Sharkey refused the motions in an order dated July 31, 1939. On motion of defendant, Judge Sharkey reopened the matter and allowed the introduction of other evidence by affidavits. On October 10, 1939, the trial Judge filed another order in which he held that the preponderance of the evidence was still with plaintiff and he therefore adhered to the decision announced in his order of July 31, 1939.

The appeal is from both of such orders and is based on 16 exceptions. We do not think it is necessary to specifically consider each exception; but our opinion will, in principle, embrace the cardinal and controlling issues.

The trial Judge holds that the granting of the motion for change of venue is one within his discretion. In some such motions that statement is correct. For instance, if the motion to change the venue be predicated on the ground of convenience of witnesses and the promotion of justice, it might be said that the motion is addressed to the discretion of the Court; but if, as in the present case, the motion is based upon the ground that Georgetown County is the place of residence of the defendant, then it is a question of law, as it is undisputed that defendant's place of residence in Georgetown and the Court is bound to send the case to the county for trial, *unless* the evidence shows that "the defendant has established a residence in Florence County for venue purposes." The trial Court has

found just that in this case. Is such conclusion or finding a correct one?

What is necessary to show that a foreign corporation has established a residence for venue purposes in a county other than that in which its legal residence is admitted to be? It cannot be, and is not denied that defendant is a foreign corporation engaged in the manufacture of paper from pine pulp, with its factories, its corporate buildings, offices and business in Georgetown County. To maintain the contention that it has a residence for venue purposes, it must be shown more than that it has an agent in that county; it must have offices for the transaction of its corporate business. The trial Judge recognizes this principle of law. He says in his order of July 31, 1939, which is affirmed by his order of October 10, 1939:

"A foreign corporation whether or not domesticated, may be sued in any County of the State wherein it has an agent and office for the transaction of its business, but if the foreign corporation is sued in a County where it has no agent or place of business then the place of trial should be changed to the County wherein the corporation does have offices and agents. See *Campbell v. Mutual Benefit (Health & Accident) Association,* 161 S. C., 49, 159 S. E., 490; *Halsey v. Minnesota-South Carolina Land & Timber Company,* 168 S. C., 18, 166 S. E., 626; *Tucker v. Pure Oil Co. of the Carolinas,* 187 S. C., 525, 198 S. E., 25. * * *

"The question for determination, is whether or not W. H. Grover is an agent of defendant, it being admitted that he is a resident of Florence County, or an independent contractor, as appearing from the exhibits and for the purpose of this hearing. If the defendant has established an office and agent in Florence County for the transaction of its business then the venue is properly laid in Florence County. *Tucker v. Ingram,* 187 S. C., 525, 198 S. E., 25.

"I have given this matter much thought and consideration and for that reason the filing of this report has been delayed.

Notwithstanding a foreign corporation is ordinarily deemed a non resident of the State it does establish a residence for venue purposes by having an office and agent in a County for the transaction of business  *   *   * ."

The Code of Civil Procedure provides for the place of trial of actions as follows:

Section 421. "Actions to Be Tried Where Cause of Action Arose."

Section 420. "Actions to Be Tried Where Subject Matter Situated."

Section 422. "Actions to Be Tried in County Where Defendant Resides—Proviso. *In all other cases the action shall be tried in the county in which the defendant resides *  *  * ."* (Italics added.)

The trial Judge realizes that this is an imperative requirement of the Code. In the utterance from his order which we have hereinabove quoted, he says: "If the defendant has established an office and agent in Florence County for the transaction of its business, then the venue is properly laid in Florence County." Citing *Tucker v. Ingram, supra.* And the trial Judge says that this is a matter of fact, and, inasmuch as he holds that the defendant has established a residence in Florence County for the purpose of venue, his finding cannot be questioned by this Court. We do not assent to this proposition. As we have said if the question were one for the change of venue for the convenience of witnesses and the promotion of justice, the matter would be one within the limit of the discretion of the Judge. But, as he himself states, that issue is not involved here. The only question is whether the defendant has a legal residence, for the purpose of venue, in Florence County, and that question may be considered by this Court in view of the admitted fact that the residence of defendant, its mill for the manufacture of paper from pine pulp, and its offices are situated in Georgetown County, In the case of *Rosamond v. Lucas-Kidd Motor Company,* 183 S. C., 544, 545, 191 S. E., 516,

518, Mr. Justice Baker, expressing the opinion of the Supreme Court said: "We are very reluctant to reverse the ruling of a circuit judge, especially when the main issue is one of fact, but as was stated in the case of *Adams et al. v. Fripp et al.*, 108 S. C., 234, 237, 94 S. E., 109, the testimony for the movants so preponderates that we are persuaded that the court was manifestly wrong not to have concluded that the venue had been laid in the wrong county. * * * But on a motion of this nature, the judge before whom it is made, sits both as judge and jury."

The trial Judge declares that the plaintiff, by his affidavits, so preponderates on the evidence as to show that the defendant has established a residence for the purposes of venue in Florence County. We do not concur in this statement. He himself has approved the rule that in order to establish such residence, the defendant must have established or maintained an office and an agent in Florence County for the transaction of its corporate business.

We have examined with care the affidavits submitted by plaintiff and nowhere in them do we find that it is asserted that defendant established or maintained or maintains an office in Florence County for the transaction of its corporate business. Nor does the trial Judge so find in either of the orders from which this appeal comes. Whereas, K. H. Powell, in his first affidavit, describes himself as an agent of defendant, he declares that defendant is a foreign corporation engaged in business in Georgetown County with mill and offices in that county, and that never at any time since he has been employed by defendant has it had offices or agents for the transaction of its business in any county in South Carolina except Georgetown. In his affidavit, A. A. Donham states that he is divisional superintendent, pulpwood operations, for Georgetown Mill of Southern Kraft Corporation, the defendant, that at the commencement of this action defendant had, and has maintained, at Georgetown in that County its only office and plant in South Caro-

lina; that it did not then, and does not now, maintain any office in the County of Florence, and was not then and is not now engaged in the transaction of any business in Florence County. W. H. Grover states in his affidavit that he is not the agent, representative or employee of the defendant in any capacity whatsoever; that he has read the affidavit of O. H. Shelton; that the arrangement therein detailed with defendant is entirely different from the arrangement which he had transacted with defendant. H. L. Smith states in his affidavit that he knows of his own knowledge that K. H. Smith has been designated by Southern Kraft Corporation as its local and office manager for its mill at Georgetown, S. C.

Black's Law Dictionary, 3rd ed., defines residence thus: "Living or dwelling in a certain place permanently, or for a considerable length of time."

In the case of *Jenkins v. Penn Bridge Company,* 73 S. C., 526, 53 S. E., 991, 992, the following citation is taken from the case of *Mulhearn v. Press Pub. Co.,* 53 N. J. L., 150, 20 A., 760: " 'The line between those who represent and those who do not represent a foreign corporation for the purposes of this act cannot be defined by a formula. But it was never intended that every servant who happened to do some act in this state for a foreign corporation represented the company. Service upon a carter who was sent across the ferry into this state for a load of merchandise belonging to a foreign corporation would be absured.  *  *  * ' "

We think the final conclusion of the trial Judge is untenable for the reason that there is a total failure on the part of plaintiff to show that defendant has established and maintains an office and agent in the County of Florence for the transaction of its corporate business. There is the prevailing evidence that defendant, a foreign corporation, maintains its only mill and offices for the transaction of the business of the corporation in Georgetown County. The right of a defendant to have a case against him

tried in the county in which he resides is a substantial right. See *Rankin Lumber Company v. Gravely,* 112 S. C., 128, 99 S. E., 349, and *Anderson v. Baughman,* 167 S. C., 164, 166 S. E., 83. And the party asserting the right to maintain the action in a different county should at least "balance" the testimony showing such right. A review and comparison of the affidavits upon which the motion for change of venue was made in this case convinces us that plaintiff falls short of "balancing" the showing of his right to maintain the action in Florence County and, there being no question of defendant's legal residence in Georgetown County, the venue should be changed to that county.

In the case of *Adams v. Fripp et al.,* 108 S. C., 234, 236, 94 S. E., 109, Fripp was made a party defendant. The appeal was by all defendants except Fripp from an order refusing to change the venue from Richland County to Charleston County. The Supreme Court reversed the Circuit Court order because the Supreme Court held that Fripp, one of the defendants, was not a proper party defendant because he colluded with other defendants in the sale to the plaintiff and Fripp lived in Richland County. This Court said:

"The first suggestion of the respondents is that the order of the circuit court is not subject to appeal, and that because the motion was only to change the venue in order to promote 'the convenience of witnesses and ends of justice,' and of that the circuit court was the exclusive judge, unless the error of the court is so manifest as to make the exercise of the court's discretion an error of law.

"If the respondents' premise is right, then the conclusion is right, but the premise is not right, for, while the motion was made on the ground stated, it further noticed the plaintiffs that 'moreover the defendants (the Horlbecks) are the real defendants,' etc."

In other words, that Fripp was made a party defendant solely for the purpose of giving the Courts of Richland

County jurisdiction of the case. Now we do not think the question in this case is one of fact, because as we have before said the motion is not made on the ground of the convenience of witnesses and the promotion of the ends of justice, but solely on the ground of the residence of the defendant. Nevertheless, it is apparent that if it had been one within the Court's discretion, if the testimony of the two sides does not balance, this Court will not hesitate to reverse the ruling of the lower Court. We do not hesitate to say that the two sides do not balance in this case. The defendant's legal residence is in Georgetown County. The Court said in the *Adams v. Fripp case, supra,* that: "* * * The testimony for the movants so preponderates that we are persuaded that the court was manifestly wrong not to have concluded that the venue had been laid in the wrong county."

The issue was this: Was Fripp a pretensive defendant, made so for the purpose of laying the venue in Richland County? The Circuit Court said no; the Supreme Court said yes, and that the venue must be changed despite the fact that the trial Judge held that the testimony did balance; and that his holding could be reviewed despite the fact that one of the grounds of the motion was the convenience of witnesses and the promotion of the ends of justice.

Section 426 of the Code provides that the Court may change the place of trial in the following cases: "(1) When the county designated for that purpose in the complaint is not the proper county."

We think there is no doubt that Florence is not the proper county in which to try this case.

It may not be improper to remark here that by virtue of the provisions of Section 35, Code 1932, a Circuit Judge has power to change the place of trial in civil, and certain named criminal, cases when it is made to appear to his satisfaction that a fair and impartial trial cannot be had in the county where the venue is first laid.

In the case of *Patterson v. Charleston & W. C. R. Co.*, 190 S. C., 66, 1 S. E. (2d), 920, 922, a motion for a change of venue from Hampton County to Laurens County was made on the ground of convenience of witnesses and the promotion of the ends of justice. This Court said:

"The appellant recognizes the principle so frequently announced by this Court that motions of this character are addressed to the discretion of the lower Court, and its ruling on such matters will not be disturbed, unless it appears from the facts presented that the Court committed a manifest abuse of a sound judicial discretion. (Citing a number of authorities from our own Court.)

"As shown, the Court must inquire not alone as to the convenience of witnesses, but also as to whether the ends of justice will be promoted.

\*  \*  \*

"The burden in the first instance was upon the appellant to make a *prima facie* showing, not only that the convenience of witnesses would be served, but also that the ends of justice will be promoted by the change. It successfully met this test. Having done so, the burden shifted to the respondents to show that at least one of these requirements had not been sufficiently satisfied."

The Court then reviews the evidence and says: "When the equities inherent in this situation are judicially weighed, as they must be, and when it appears, as it does, from a consideration of the whole matter that they are predominantly in favor of the appellant, we are constrained to hold that the Court committed error in denying the motion."

In our case there is a total failure on the part of the respondent to show that the defendant maintains any office in the County of Florence, where the corporate business of the defendant is transacted, and there is no particle of doubt that the corporation's mills and offices are situated in Georgetown County

In the case of *Griffin v. Owens,* 171 S. C., 276, 172 S. E., 221, 222, this Court said: " * * · * This court will not interfere with the discretion exercised by a circuit judge unless it is convinced that the action of the circuit judge was so opposed and a sound discretion as to amount to a deprivation of the legal rights of the complaining party. * * * "

This language is quoted with approval in the case of *Roof v. Tiller* (S. C.), 10 S. E. (2d), 333, filed April 3, 1940.

It seems to be needless to cite other authorities.

It is undisputed that the legal residence of the defendant is in Georgetown County and, being so undisputed, it is a question of law whether it should be deprived of its legal right to have the trial of this case in the county of its residence. The plaintiff undertakes to justify its laying of the venue in Florence County, as the trial Judge states, in this wise: "If the defendant has established *an office and agent in Florence County for the transaction of its business then the venue is properly laid in Florence County."* (Italics added.)

He further says: "I am of the opinion, in the exercise of my discretion, sitting as a Judge and jury, that this question should be answered in the affirmative. The issue is close but the plaintiff has at least balanced the right to have this action tried in Florence County as against a trial in Georgetown County."

We think this is manifest error. There is utter failure to show that defendant ever established and/or maintained any office for any purpose in Florence County. The only person or persons ever employed by it were for a special purpose, which cannot by any stretch of the imagination be construed as making them or their agents as agents of the defendant in the transaction of its corporate business so as to establish its residence in Florence County for venue purposes.

The orders appealed from are reversed and the cases are remanded with instructions to send the cases to Georgetown County for trial.

MESSRS. JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.