17804

Mrs. Grace Sease McMILLAN, Appellant, v. B. L. MONTAGUE
COMPANY and J. A. Monts, of whom B. L. Montague
Company is, Respondent

(121 S. E. (2d) 13)

*Messrs. Jeff D. Griffith,* of Saluda, and *R. Milo Smith, T. H. Rawl, Jr.,* and *A. Frank Lever, Jr.,* of Lexington, *for Appellant,*

*Messrs. Whaley & McCutchen* and *Hoover C. Blanton,* of Columbia, and *Francis C. Jones,* of Lexington, *for Respondent,*

516

*Messrs. Jeff D. Griffith,* of Saluda, and *R. Milo Smith, T. H. Rawl, Jr.,* and *A. Frank Lever, Jr.,* of Lexington, *for Appellant, in Reply,* 

July 17, 1961.

TAYLOR, Chief Justice.

This appeal is from an action brought in the Court of Common Pleas for Lexington County to recover damages for personal injuries arising out of an automobile collision.

The defendant, B. L. Montague Company, is a South Carolina corporation with its principal place of business in Sumter, South Carolina; and the defendant, J. A. Monts, is a resident of Lexington County. The defendant Company, at the time of filing answer and interposing counterclaim, also filed notice of motion for an Order changing the place of trial from Lexington County to Sumter County. Upon the opening day of the November, 1958, Term of Court, the motion for change of venue was heard and denied by the presiding Judge. The case having previously been advanced to the head of the trial roster, trial was commenced shortly thereafter. At the close of plaintiff's testimony, motion for nonsuit was made and granted on behalf of the defendant, J. A. Monts. The defendant Company then renewed its motion for a change of venue. Such motion was again denied. The trial proceeded with the defendant Company withdrawing its counterclaim. Upon conclusion of all testimony, counsel for defendant Company moved for a directed verdict as to punitive damages and renewed its previous motions for a change of venue. The motions were refused, and the case submitted to the jury who found for plaintiff.

Thereafter, motion was made for Judgment *non obstante veredicto* or, in the alternative, for a new trial. After hearing arguments, the presiding Judge issued his Order in which he set aside the verdict of the jury and changed the place of trial from Lexington County to Sumter County. In doing so, he stated that at the time the motion for change of venue was first presented, he was of opinion that the complaint stated a cause of action against defendant, Monts, and that such was sufficient for trial purposes in the County in which the action was brought; that upon trial, however, plaintiff had failed absolutely to produce any evidence to establish any cause of action against the defendant, Monts, and that defendant, Montague, was the only *bona fide* defendant in the action and defendant, Monts, was a *mala fide* defendant joined for the purpose of laying venue in Lexington County. He further stated "there is every earmark of a fraudulent joinder of the defendant, J. A. Monts, in order for plaintiff to maintain her action in Lexington County," and cited *Rosamond v. Lucas-Kidd Motor Co. et al.,* 183 S. C. 544, 191 S. E. 516; *Tate & Thompson v. Blakely,* 3 Hill Law 297, 21 S. C. Law 297; *City of Sumter v. United States Fidelity & Guaranty Co. et al.,* 116 S. C. 29, 106 S. E. 778; 93 A. L. R. 949 and annotations therein; 56 Am. Jur. 34, Venue, Section 31.

The right of a defendant in a civil action to a trial in the County of his residence, pursuant to the statute, is a substantial right, *Lee v. Neal et al.,* 233 S. C. 206, 104 S. E. (2d) 291; Sec. 10-303, Code of Laws of South Carolina, 1952; *Thomas & Howard Company of Conway v. Marion Lumber Company,* 232 S. C. 304, 101 S. E. (2d) 848; *Holden v. Beach,* 228 S. C. 234, 89 S. E. (2d) 433; *Warren v. Padgett,* 225 S. C. 447, 82 S. E. (2d) 810; *Moody v. Burns et al.,* 222 S. C. 258, 72 S. E. (2d) 189; and such right is sometimes described as a valuable right not to be lightly denied, *Royal Crown Bottling Company, Inc., et al. v. Chandler et al.,* 228 S. C. 412, 90 S. E. (2d) 489; *Fordham v. Fordham,* 223 S. C. 401, 76

S. E. (2d) 299; *Wingard v. Sims,* 222 S. C. 396, 73 S. E. (2d) 279; and such right cannot be defeated by joinder of a sham or immaterial defendant, *Adams et al v. Fripp et al.,* 108 S. C. 234, 94 S. E. 109; *Simmons v. Wall et al.,* 110 S. C. 334, 96 S. E. 493; *Rankin Lumber Co. v. Gravely et al.,* 112 S. C. 128, 99 S. E. 349; *Rosamond v. Lucas-Kidd Motor Co., Inc., et al., supra; Rogers v. Montgomery,* 188 S. C. 244, 198 S. E. 380; *White v. Nichols et al.,* 190 S. C. 45, 1 S. E. (2d) 916; *Dunbar v. Evins et al.,* 198 S. C. 146, 17 S. E. (2d) 37; *Wood et al. v. Lea,* 219 S. C. 409, 65 S. E. (2d) 669; *Moody v. Burns et al., supra;* and *Witherspoon v. Spotts & Company et al.,* 227 S. C. 209, 87 S. E. (2d) 477; *Seegars v. WIS-TV (Broadcasting Company of the South) et al.,* 236 S. C. 355, 114 S. E. (2d) 502.

Where the issue of joinder of a sham or immaterial defendant is raised, the party asserting the right to maintain an action in a different county should at least "balance" the testimony showing such right, *Rosamond v. Lucas-Kidd Motor Co., Inc., et al., supra; Rogers v. Montgomery, supra; White v. Nichols et al., supra; Dunbar v. Evins et al., supra; Wood et al. v. Lea, supra; Moody v. Burns, supra; Witherspoon v. Spotts & Company et al., supra; Warren v. Padgett, supra.*

The fact that a complaint may state a cause of action against a sham or immaterial defendant is not *ipso facto* conclusive, *Moody v. Burns, supra; White v. Nichols et al., supra; Dunbar v. Evins et al., supra;* and a defendant may be *mala fide* requiring granting of motion to change venue even though allegations and proof apparently available may be sufficient to submit case to jury, *Peters v. Double Cola Bottling Co. of Columbia,* 224 S. C. 437, 79 S. E. (2d) 710; Sec. 10-303, Code of Laws of South Carolina, 1952.

The defendant Company served along with its answer a notice of motion to change the venue from Lexington County to Sumter County on the grounds that the defendant Com-

pany is a South Carolina Corporation with its principal place of business in Sumter, South Carolina, and has no place of business, office, agents, employees or servants in Lexington County and that the defendant, Monts, "has been joined as a party defendant for the sole and exclusive purpose of defeating the rights of the said B. L. Montague Company to have this action tried in the County of its residence." Attached thereto were an affidavit of the secretary and treasurer of the Company to the effect that said Company owns no property of any kind in Lexington County, that it has no place of business, no office, no agents, employees or servants in Lexington County; and an affidavit by the defendant, J. A. Monts, to the effect that said defendant feels and believes that he was made a party to this action for the purpose of maintaining jurisdiction of this action in Lexington County as he was in no way connected with, contributed to or engaged in the collision whereby plaintiff was injured, that the defendant Company is the real and only defendant in this action. To counter this showing, plaintiff offered no affidavits or evidence but relied solely on the allegations of the unverified complaint to controvert the showing made by movant which is insufficient under *Simmons v. Wall et al.,* 110 S. C. 334, 96 S. E. 493; *Lee v. Neal et al., supra.*

Appellant contends that defendant waived its rights by not appealing from the refusal of the motion for a change of venue. Trial of this case was commenced shortly after the first motion for a change of venue was denied, and the motion was renewed at various stages of the proceedings with the defendant Company pressing its contention at every opportunity. We see no evidence of waiver, Sec. 15-123, Code of Laws of South Carolina, 1952; *Tate & Thompson v. Blakely, supra; Blakely & Copeland v. Frazier & Sanders,* 11 S. C. 122; *McMaster v. Ford Motor Co. et al.,* 122 S. C. 244, 115 S. E. 244, 29 A. L. R. 230; *Crotts v. Fletcher Motor Co. et al.,* 219 S. C. 204, 64 S. E. (2d) 540. Such motions may be first made upon the

call of calendar for the Term of Court for which the case is docketed for trial, *Witherspoon v. Spotts & Company et al., supra; Lee v. Neal et al., supra;* after a mistrial, *Hunter v. D. W. Alderman & Sons Co.,* 79 S. C. 555, 61 S. E. 202; upon dismissal of a resident defendant, *Tate & Thompson v. Blakely, supra; City of Sumter v. United States Fidelity & Guaranty Co. et al., supra;* or at successive Terms of Court, *Blakely & Copeland v. Frazier & Sanders, supra;* and after appeal to the Supreme Court resulting in elimination of one of the defendants, *Royal Crown Bottling Company, Inc., et al. v. Chandler et al., supra.*

It is of no consequence whether the question relates to jurisdiction of subject matter, jurisdiction of the person, or jurisdiction or venue as the suggested distinctions are immaterial for the purpose of this decision. See *South Carolina State Highway Department v. Isthmian S. S. Co.,* 210 S. C. 408, 43 S. E. (2d) 132; *Brown v. Palmetto Baking Co.,* 220 S. C. 38, 66 S. E. (2d) 417.

Since this Court may affirm upon any grounds, we are of opinion that the Order appealed from should be affirmed upon the ground that no showing was made to counter the defendant Company's first motion for a change of venue, that the trial Judge was in error in not granting at that time the motion of the defendant Company to transfer the case to Sumter County for trial; and it is so ordered. Affirmed.

OXNER, LEGGE and MOSS, JJ., and J. M. BRAILSFORD, JR., Acting Associate Justice, concur.