## 19840

Clara WADE, also known as Clara Wade Gore, Respondent, v. SOUTH CAROLINA RETIREMENT SYSTEM et al., of whom J. G. Gore, Jr., Executor of the Estate of Joseph G. Gore, is Appellant.

Clara WADE, also known as Clara Wade Gore, Respondent, v. PILOT LIFE INSURANCE COMPANY et al., of whom J. G. Gore, Jr., Executor of the Estate of Joseph G. Gore, is Appellant.

(205 S. E. (2d) 835)

*James P. Stevens, Esq.,* of Loris, *for Appellants,*

540

*Thomas E. Rogers, Jr., Esq.,* of Florence, *for Respondent,* 

June 7, 1974.

LEWIS, Justice:

This appeal, involving two actions, is from an order of The Civil and Criminal Court of Florence County denying motions for a change of venue from Florence to Horry County.

Joseph G. Gore, an employee of the City of Florence, died on August 5, 1973, leaving benefits payable under a policy of life insurance issued by Pilot Life Insurance Company and also benefits payable from the South Carolina Retirement System. Apparently the plaintiff-respondent was named beneficiary of the amounts due from both the insurance company and the retirement system; but her right to receive the funds was contested by the defendant-appellant, J. G. Gore, Jr., as the executor of the estate of the deceased, upon the ground that respondent's designation as beneficiary was void.

When the contest arose between respondent and appellant over who should receive the insurance and retirement benefits, Pilot Life Insurance Company and the South Carolina Retirement System refused to pay the funds pending determination of the proper beneficiary. Respondent then instituted two actions in the Civil and Criminal Court for Florence County for a declaratory judgment determining the controversy. One action was brought against appellant, as executor of the estate of the deceased, and Pilot Life Insurance Company; and the other against respondent, as executor, and the South Carolina Retirement System.

Shortly after the institution of these actions, Pilot Life Insurance Company and South Carolina Retirement System, upon their respective motions, were permitted to pay the amount of the death benefits due by each into court and were dismissed as parties, leaving only the appellant a party defendant in each suit. Appellant then moved in each action for a change of venue to Horry County, since he was the only remaining defendant. The motion was made upon the ground that appellant was entitled to have the cause transferred to Horry County, under the provisions of Section 10-303 *et seq.* of the 1962 Code of Laws. The lower court refused the motions and this appeal followed.

Appellant was appointed executor of the estate of the deceased in Horry County and is made a party defendant in this action only in such representative capacity.

The motion was to transfer the cause to Horry County. Although there is some indication in appellant's brief that he actually resides in Sumter County and that suit against him would have been proper in that county, the court is here limited to a consideration of whether a transfer of venue to the county designated in the motion is proper. *Coogler v. California Insurance Co.,* 192 S. C. 54, 5 S. E. (2d) 459; *Mack v. Nationwide Insurance Co.,* 245 S. C. 619, 142 S. E. (2d) 50.

The contention of respondent that Pilot Life Insurance Company and the South Carolina Retirement System were

residents of Florence County for venue purposes is not disputed. Therefore, the joinder of the insurance company with appellant in one action and the retirement system with appellant in the other would, as a general rule, give respondent the right to bring the actions in Florence County under the provisions of Code Section 10-303, which provide that ordinarily an action must be tried in the county where the defendant resides; but "if there be more than one defendant then the action may be tried in any county in which one or more of the defendants to such action resides at the time of the commencement of the action."

Appellant takes the position, however, that since the other defendants have been dismissed as parties and he is the sole remaining defendant, the action against him should be transferred to Horry County, where he has qualified as executor. This is based upon the contention that the insurance company and retirement system were sham and immaterial defendants, and thus their joinder would not deprive appellant of the right to have the case against him transferred to Horry County for trial, relying upon the principles set forth in *McMillan v. Montague Co.*, 238 S. C. 512, 121 S. E. (2d) 13.

The parties agree that the sole issue to be decided is whether Pilot Life Insurance Company and the South Carolina Retirement System were material defendants at the commencement of the action. If they were, then it is conceded the lower court properly denied the motion for a change of venue. If they were not, the motion should have been granted. Our decision is therefore confined to the question of whether the parties in question were material defendants. The facts are not in dispute.

A material defendant is not a mere nominal party but, as indicated by Section 10-203 of the 1962 Code of Laws is one "who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the questions involved."

Pilot Life Insurance Company and the South Carolina Retirement System did not deny liability. In fact, the complaints allege that these codefendants withheld payment of the death benefits due by each because of the dispute between appellant and respondent as to whom the funds should be paid. They did not have, nor assert, any claim adverse to that of respondent. Neither were they necessary parties to a complete determination of the action.

The controversy in this matter was between appellant and respondent. It is undisputed that the codefendants were mere stakeholders and were ready to deliver the proceeds to the party legally entitled thereto. Under these circumstances, they were not material defendants and the lower court erred in denying appellant's motion for a change of venue.

The judgment is accordingly reversed and the cause remanded for the purpose of entering an order transferring the cause to the Court of Common Pleas for Horry County for trial.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, concur.